276 So.2d 532 (1973)
Ellis S. RUBIN, Appellant,
v.
Blanche Toni BAKER, Appellee.
No. 72-1168.
District Court of Appeal of Florida, Third District.
April 24, 1973.
Ellis S. Rubin, in pro. per.
Bolles, Goodwin, Ryskamp & Ware, and Robert C. Lane, Jr., Miami, for appellee.
Before PEARSON, CHARLES A. CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Appellant is a lawyer who was sued for malpractice. A default was entered for his failure to answer the complaint. Thereafter, within a few days of the entry of the default, appellant appeared, moved to set aside the default, and asked permission to file an answer. The court denied the motion to set aside default because an answer or defense was not tendered. See State Bank of Eau Gallie v. Raymond, 103 Fla. 649, 138 So. 40 (1931). This deficiency was remedied by the appellant the day after the appellant received a copy of the order in the mail, because the appellant then tendered an answer which contained factual allegations which it appears would constitute a defense if proven. However, the trial court denied appellant's motion for reconsideration.
It is apparent that appellant has contributed to his own difficulty in that the order denying the motion for reconsideration sets out that appellant failed to appear at the time and place set for hearing and that the motion was thereupon denied. Nevertheless, we hold that the trial court has committed error under the rule established by the Supreme Court of Florida in North Shore Hospital, Inc. v. Barber, Fla. 1962, 143 So.2d 849. The appellant acted promptly in that he moved to set aside the default within a few days after it was entered and at the time of the denial of his motion for *533 reconsideration, an answer tendering proposed defenses was tendered together with an offer to proceed to trial. Therefore, the order denying motion for reconsideration of the motion to set aside default is reversed, and this cause is remanded with directions to accept appellant's tendered answer which was filed on August 31, 1972, and for such other proceedings in this cause as may be appropriate.
Reversed and remanded.