318 So.2d 212 (1975)
ACME FAST FREIGHT, INC., Appellant,
v.
David BELL, Appellee.
No. 74-1556.
District Court of Appeal of Florida, Third District.
July 22, 1975.
Underwood, Gillis, Karcher, Reinert & Gordon, Miami, for appellant.
Rentz, McClellan & Haggard, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
This is an appeal by the defendant from an order denying its motion to vacate final judgment on default.
The trial court entered the order appealed after having considered the defendant's motion to vacate default and final judgment. The motion was supported by affidavits stating that plaintiff's suit was *213 filed in the Circuit Court of Dade County, Florida on January 4, 1974 to recover for injuries allegedly received while on the premises of the defendant. The summons and complaint were served on January 11, 1974 upon C.T. Corporation, resident agent for the defendant in Dade County.
On January 14, 1974, the resident agent forwarded the summons and complaint to the office of the defendant at 123 South Broad Street, Philadelphia, Pennsylvania. The defendant received them on January 17, 1974 and on the same day it forwarded them in the normal course of business to its insurance broker, Bradley & Parker Inc. with the understanding that its insurance broker would thereafter forward the summons and complaint to the defendant's liability insurance carrier, Maryland Casualty Company. For reasons unknown to the defendant, Bradley & Parker have stated that they never received the summons and complaint, consequently, no defensive action was taken on behalf of the defendant.
On April 11, 1974, the plaintiff moved for the entry of a default against the defendant for failure to respond to the complaint. Pursuant thereto the Clerk of the Circuit Court entered the default. Notice of the request for default and the subsequent entry thereof was not given to the defendant.
On June 13, 1974, a trial without a jury was held before the circuit court at which time the court considered evidence of the injuries and damages suffered by the plaintiff. A final judgment was entered by the court on July 22, 1974 in the sum of $20,830.00 plus costs in the sum of $201.10. No notice of the trial was given to the defendant. Defendant's first knowledge of the foregoing came to it on August 21, 1974 when it received a letter written by plaintiff's attorney, advising the defendant that the sheriff was preparing to levy against the assets of the defendant. After receipt of the letter the defendant filed a motion on September 17, 1974, to vacate the default and final judgment on the ground of excusable neglect. On October 9, 1974, a hearing was held by the trial judge at which time evidence and argument of counsel were presented by both parties to the cause.
The court denied the defendant's motion to vacate the judgment on default and this appeal followed.
The defendant contends that the trial judge erred in refusing to set aside the judgment in default entered against it in light of the liberal view taken by our courts toward allowing the vacation of defaults so that a trial on the merits could be had. North Shore Hospital, Inc. v. Barber, Fla. 1962, 143 So.2d 849; Gordon v. Vaughan, Fla.App. 1967, 193 So.2d 474.
The general rule in respect to setting aside a default or final judgment consequent thereon is that relief may be granted within the sound discretion of the trial judge upon showing of the existence of a meritorious defense and a legal excuse for failure to comply with the rules. Robbins v. Thompson, Fla.App. 1974, 291 So.2d 225.
Our Supreme Court said in Farish v. Lum's, Inc., Fla. 1972, 267 So.2d 325:
"The exercise of discretion by a trial judge who sees the parties first-hand and is more fully informed of the situation, is essential to the just and proper application of the procedural rules. In the absence of facts showing an abuse of that discretion, the trial court's decision excusing or refusing to excuse, noncompliance with rules ... must be affirmed."
* * * * * *
"[I]t cannot be held that, as a matter of law, inadvertence is sufficient to excuse compliance  it may be in some instances, but in other instances, not. It is the duty of the trial court, and not *214 the appellate courts, to make that determination." See GACL, Inc. v. Zeger, Fla.App., 1973, 276 So.2d 552.
After carefully considering the record, briefs and arguments of counsel, in the light of the rule favoring liberality in granting relief to a defaulting party, we have concluded that the trial court did not abuse its discretion in denying the motion to vacate the default and judgment.
We have considered the question of lack of notice to the defendant of the entry of the default and the final judgment and find no error as no notice was required. Stevenson v. Arnold, Fla. 1971, 250 So.2d 270.
Affirmed.