338 So.2d 74 (1976)
ASSOCIATED MEDICAL INSTITUTIONS, INC., d/b/a Hialeah Hospital, Appellant,
v.
Joseph IMPERATORI, Personal Representative of the Estate of Infant Imperatori, for the Use and Benefit of Said Estate, et al., Appellees.
No. 76-550.
District Court of Appeal of Florida, Third District.
September 28, 1976.
Rehearing Denied November 1, 1976.
*75 Preddy, Haddad, Kutner, Hardy & Josephs, Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara, Miami, for appellant.
Beckham & McAliley and Carole A. Gardiner, Miami, for appellees.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendant hospital appeals an order denying its motion to set aside default judgment.
In a wrongful death action a default was entered against Hialeah Hospital for failure to answer the complaint. The hospital filed a motion to set aside default stating that the failure to answer was due to excusable neglect and that it had "viable defenses." Attached to the motion was Robert Trimble's the hospital's administrator, affidavit stating that while he was on vacation a copy of the complaint and summons was served upon his secretary, Miss Wong, who by mistake misfiled them in the "terminated case" file instead of the "pending case" file. The trial judge denied the motion for failure to show (1) the existence of meritorious defenses, and (2) a legal excuse for not filing a responsive pleading. The hospital then filed a motion for rehearing along with an answer containing affirmative defenses. Upon denial of this petition, the hospital perfected this interlocutory appeal.
When a defendant demonstrates that his neglect was excusable and he has a meritorious defense, a court will set aside the default for failure to file a responsive pleading so as to permit a determination of the controversy on the merits. Clark v. Roberto's, Inc., 320 So.2d 870 (Fla. 4th DCA 1975) and cases cited therein.
We find that the misfiling of the complaint and summons constitutes excusable neglect. See North Shore Hospital, Inc. v. Barber, 143 So.2d 849, 853 (Fla. 1962).
Initially the motion to vacate default merely alleged that the hospital had "viable defenses" which was insufficient and, thus, the trial judge was correct in denying the motion for defendant's failure to plead or present a meritorious defense. See North Shore Hospital, supra at 852.
However, the hospital did file an answer and affirmative defenses with its petition for rehearing and the judge erred in denying the petition. See Rubin v. Baker, 276 So.2d 532 (Fla. 3d DCA 1973).
Accordingly, the order denying the petition for rehearing is reversed and the cause is remanded to the trial court with directions to accept the hospital's tendered answer and for further appropriate proceedings.
Reversed and remanded.