368 So.2d 398 (1979)
Michael E. JONES, Appellant,
v.
CITY OF HIALEAH, Etc., et al., Appellees.
No. 77-2153.
District Court of Appeal of Florida, Third District.
February 27, 1979.
Rehearing Denied March 27, 1979.
*399 Pertnoy & Greenberg, Hirschhorn & Freeman and Joel Hirschhorn, Miami, for appellant.
Fowler, White, Burnett, Hurley, Banick & Knight and Fred R. Ober, Miami, for appellees.
Before HAVERFIELD, C.J., and HENDRY and HUBBART, JJ.
HAVERFIELD, Chief Judge.
This is an appeal from a directed verdict in favor of defendants City of Hialeah and police officers Berry and Frost in this action to recover damages for personal injuries resulting from gun shot wounds inflicted by a confidential informant for the City's police department. The salient facts are as follows:
Hugo Cosenza was a paid confidential informant of the Police Department of the City of Hialeah and was paid various amounts dependent upon the results of each individual case. On the day of the incident giving rise to the instant litigation, the Hialeah police had requested Cosenza to arrange a drug buy from Michael Jones, appellant herein. William Brown, an undercover Hialeah policeman, met with Jones, Cosenza and several other persons at Cosenza's apartment during which time officer Frost and other Hialeah police officers were waiting outside to assist in making the arrest upon consummation of the illegal sale. However, the illicit sale was not effected *400 and Brown along with Frost and the other officers withdrew from the area. Later that same evening officer Brown upon receiving word from Cosenza that Jones was still willing to make a sale, returned to Cosenza's apartment. Again no sale was made and Brown departed. Shortly thereafter Cosenza and Jones got into an altercation in the parking lot of Cosenza's apartment building and Cosenza shot Jones five times. Jones filed the instant suit for damages for assault and battery, and negligence as a result of the shooting. In addition to Cosenza, Jones joined the City of Hialeah and officers Berry and Frost[1] as party-defendants and alleged that these defendants, as employers of Cosenza, were liable under the doctrine of "respondent superior". The cause was tried by jury and after Jones had presented all the evidence on his behalf, the court granted the City's and officers Berry and Frost's motion for directed verdict. The jury returned a $150,000 verdict against Cosenza and this appeal ensued.
Jones basically contends that the court erred in directing a verdict for the City and officers Berry and Frost because Cosenza was acting as their agent at the time of the shooting and, therefore, they are liable for his tortious conduct. Jones additionally argues that these defendants were negligent in hiring Cosenza because of his past criminal record.
On appeal from an order granting a motion for directed verdict made after all the evidence has been presented on behalf of the plaintiff, this court must consider all the evidence in a light most favorable to the plaintiff, the non-moving party, and then determine whether there is no evidence upon which the jury could lawfully have found a verdict for the plaintiff. Myers v. Atlantic Coast Line Railroad Company, 112 So.2d 263 (Fla. 1959); 3 Florida Jur.2d Appellate Review § 305 (1978) and cases cited therein.
With this principle in mind, we initially must review the evidence to determine whether an agency relationship existed between Cosenza and the City of Hialeah. The factor which distinguishes a principal agent relationship from the independent contractor relationship is the required control and direction by the principal over the conduct of the agent. City of Boca Raton v. Mattef, 91 So.2d 644 (Fla. 1956).
Although Cosenza was a volunteer and not an employee of the City of Hialeah in the conventional sense, once his services were accepted the evidence presented reflects the requisite control and direction by the Hialeah police over his conduct. When a confidential informant such as Cosenza is involved in a drug deal, an officer is in charge and the informant is under the officer's direction. The Hialeah police prescribed the manner in which the work was to be executed and the methods and details by which Cosenza was to accomplish the results. Thus, we find an agency relationship existed for that period of time during which Cosenza engaged in activities relating to his particular assignment which was given to him by the Hialeah police.
We next must determine the vicarious liability of the City, if any, for the intentional torts committed by Cosenza.
In City of Miami v. Simpson, 172 So.2d 435 (Fla. 1965), the Supreme Court held that municipalities in Florida are liable for the intentional torts of their agents to the same extent as private corporations. However, this liability of the principal for the torts of its agents is limited to those tortious acts committed while the agent was acting within the scope of his employment. Stinson v. Prevatt, 84 Fla. 416, 94 So. 656 (1922). There is no liability where the agent has stepped aside from his employment to commit a tort which the principal neither directed in fact, nor could be supposed, from the nature of his employment, to have authorized or expected the agent to do. Dieas v. Associates Loan Company, 99 So.2d 279, 281 (Fla. 1957). In other words, the master's liability does not arise when the wrongful act is committed by the agent to accomplish his own purpose and *401 not to serve the interests of the principal. City of Miami v. Simpson, supra. Reviewing the facts of the instant case in light of the above principles of law, we find that the shooting (assault and battery) by Cosenza was done outside the scope of his employment as a confidential informant to accomplish his own purposes and not to serve the City's interest which was to effect an illegal drug sale.
We further conclude that at the time of the shooting, Cosenza's special assignment had terminated in that after two unsuccessful attempts at a drug purchase, the operation was called off and all police officers had withdrawn from the area. Only subsequently did Cosenza and Jones get into an argument which resulted in the shooting, at which time there was no longer an agency relationship between the City and Cosenza. Thus, as a matter of law, the City and the defendant officers were not liable and the trial judge was correct in directing a verdict in their favor. Cf. City of Green Cove Springs v. Donaldson, 348 F.2d 197 (5th Cir.1965).
Turning to the contention that the City was negligent in accepting Cosenza's assistance, we have determined that there is no merit therein. First, the City made a background check of Cosenza with the New York City Police with whom he had previously cooperated. Second, Cosenza had successfully worked as an informant on several assignments with the City's police. Last, a confidential informant is frequently of doubtful character and is usually an individual who has a prior criminal record and has engaged in criminal activity; therefore, he is in a position to put undercover policemen in contact with known drug dealers or other such criminal types.
We also consider the remaining points on appeal and no reversible error has been made to appear.
For the reasons stated, the directed verdicts in favor of the City of Hialeah and officers Berry and Frost are affirmed.
Affirmed.
NOTES
[1] Who were responsible for recruiting confidential informants.