387 So.2d 530 (1980)
MIAMI COMMONWEALTH REALTY CORP., a Florida Corporation, Appellant,
v.
RINEHART VOLKSWAGEN, INC., a Florida Corporation, Appellee.
RINEHART VOLKSWAGEN, INC., a Florida Corporation, Appellant,
v.
MIAMI COMMONWEALTH REALTY CORP., a Florida Corporation, Appellee.
Nos. 80-477, 80-551 and 80-577.
District Court of Appeal of Florida, Third District.
September 9, 1980.
*531 Layne & Brill and Richard Bernstein, for Rinehart.
Lee, Schulte, Murphy & Coe and Jack M. Coe, Jupiter, for Miami Commonwealth.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
This consolidated appeal is before us to review the trial court's order denying the motion of Rinehart Volkswagen, Inc. to set aside the default final judgment and the amended default final judgment entered against it. We reverse the order on the grounds that: (1) the motion, as aided and amended by the deposition and affidavit before the court, indicated that Rinehart Volkswagen, Inc. had demonstrated a meritorious defense to the allegations in the complaint filed by Miami Commonwealth Realty, Corp., which sought recovery of a brokerage commission; and (2) excusable neglect was demonstrated based upon a showing that the summons and complaint had been forwarded to a vice president but not received by the law firm. North Shore Hospital Inc. v. Barber, 143 So.2d 849 (Fla. 1962); Associated Medical Institutions, Inc. v. Imperatori, 338 So.2d 74 (Fla. 3d DCA 1976); Renuart-Bailey-Cheely Lumber and Supply Company v. Hall, 264 So.2d 84 (Fla. 3d DCA 1972). A greater showing is required to reverse a trial court's granting of a motion to vacate a default than is needed to reverse the trial court's denial of a motion to vacate a default. Garcia Insurance Agency, Inc. v. Diaz, 351 So.2d 1137 (Fla. 2d DCA 1977).
Our disposition of this appeal makes it unnecessary to pass upon the remaining issues presented.
Reversed and remanded.