399 So.2d 367 (1981)
PEDRO REALTY INC., Appellant,
v.
Jesus SILVA and Olga Silva, Appellees.
No. 80-2166.
District Court of Appeal of Florida, Third District.
April 28, 1981.
Rehearing Denied June 25, 1981.
*368 Manuel E. Oliber, Hialeah, for appellant.
Irma V. Hernandez and Fernando E. Heria, Hialeah, for appellees.
Before DANIEL S. PEARSON and FERGUSON, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
PER CURIAM.
Pedro Realty, Inc. appeals from an interlocutory order of the trial court denying a motion to vacate a default entered against it as third-party defendant.[1] We reverse.
The action was commenced by buyer Jeanne Watson when she filed suit for specific performance of a real estate sales contract. Jesus and Olga Silva, the seller-defendants, filed an answer and third-party complaint against appellant Pedro Realty Company and its salesman. The complaint alleged duress, coercion and fraud by the salesman in inducing the Silvas to sign the listing agreement and deposit contract. The Silvas seek recision of the contract, costs, attorney's fees, compensatory and punitive damages.
The third-party complaint was served on Pedro Realty by leaving a copy of the summons and complaint with Jose Cadi, vicepresident of Pedro Realty. The summons and complaint were delivered to appellant's counsel on Friday, September 5, 1980 one day after expiration of the time for filing a *369 responsive pleading. On the following Monday, September 8, 1980, appellant's attorney checked the court records and learned that a default had been entered the same day. He attempted to contact counsel for the Silvas for the purpose of obtaining a stipulation to set aside the default. He reached opposing counsel the next day, September 9, 1980, only to learn that the Silvas would not enter into a stipulation. Counsel for Pedro Realty filed a motion to set aside the default on the following day, September 10, 1980, and attached an affidavit setting forth grounds for excusable neglect and filed an answer to the complaint.
The affidavit of the vice-president, Jose Cadi set forth among other things, that the person who appeared at the offices of appellant did not identify himself as being a process server, never approached nor contacted affiant but merely left the documents on a table in the office, that the person he now knows to be a process server did not identify or explain the nature of the documents he left in the office nor the reason for his presence; that he runs a very busy office and that the purpose and significance of the documents didn't come to his attention until September 5, 1980.
In its answer, Pedro Realty generally denies the allegations of the complaint and as an affirmative defense alleges that the salesman acted outside the scope of his employment and without the knowledge of Pedro Realty or, alternatively, that the relationship of the salesman to Pedro Realty is that of an independent contractor and not employer-employee.
At the discretion of the trial court, a default may be vacated upon a showing of excusable neglect or inadvertence or other meritorious defense. Fla.R.Civ.P. 1.500(d), 1.540(b); North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962); Miami Commonwealth Realty Corp. v. Rinehart Volkswagen, Inc., 387 So.2d 530 (Fla.3d DCA 1980); Thomas v. American Vinyl Co., 379 So.2d 448 (Fla.3d DCA 1980); Associated Medical Institutions, Inc. v. Imperatori, 338 So.2d 74 (Fla.3d DCA 1976); Acme Fast Freight, Inc., v. Bell, 318 So.2d 212 (Fla.3d DCA 1975); Rubin v. Baker, 276 So.2d 532 (Fla.3d DCA 1973).
A defendant may not merely state that it has a meritorious defense, but must disclose such a defense in a defensive pleading or affidavit. Perry v. University Cabs, Inc., 344 So.2d 914 (Fla.3d DCA 1977); Tremblay v. Marck, 378 So.2d 855 (Fla.4th DCA 1979), cert. denied, 389 So.2d 1116 (Fla. 1980).
As a general rule, a principal is not liable for actions of its agents committed outside the scope of its employment and before one may infer that the principal ratified unauthorized acts of his agent, evidence must demonstrate that the principal was fully informed or that he approved of those acts. Bach v. State Board of Dentistry, 378 So.2d 34 (Fla.1st DCA 1979); Jones v. City of Hialeah, 368 So.2d 398 (Fla.3d DCA 1979), cert. denied, 378 So.2d 346 (Fla. 1979). Consistent with our holdings that discretion should be liberally exercised in granting application for vacating default judgments so as to permit a trial on the merits, Cunningham v. White, 390 So.2d 467 (Fla.3d DCA 1980); Kiaer v. Friendship, Inc., 376 So.2d 919 (Fla.3d DCA 1979), we hold that a denial contained in a responsive pleading may allege a meritorious defense so as to create an issue of fact. North Shore Hospital, supra; Bay Convalescent Center, Inc. v. Carroll, 352 So.2d 900 (Fla.1st DCA 1977) (Ervin, J., dissenting). Because Pedro Realty denied as an affirmative defense that it has knowledge of those wrongful acts of its agent or that it ever expressly, impliedly, or constructively authorized such acts, it raises questions of fact sufficient to state a meritorious defense.
We find no merit in Pedro Realty's alternative argument. Pedro Realty may not consistently admit under Section 475.01, Florida Statutes (1980 Supp.)[2] that the party *370 in question is a registered salesman and that a business relationship existed between them, but that the relationship was merely one of independent contractor. See Harry Pepper & Associates, Inc. v. Lasseter, 247 So.2d 736 (Fla.3d DCA 1971), cert. denied, 252 So.2d 797 (Fla. 1971) (inconsistent allegation has the effect of neutralizing each allegation as against the other and rendering the pleading objectionable).
We hold that where Pedro Realty has not engaged in dilatory tactics, sought stipulation from the opposition to set aside default on the same day it was entered, and filed an affidavit setting forth the grounds for excusable neglect and an answer setting forth a meritorious defense, refusal to set aside default is error.
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] This court determined we had jurisdiction pursuant to Fla.R.App.P. 9.130(a)(3)(C)(iv).
[2] Section 475.01(4) Fla. Stat. provides, "Salesman" means a person who performs any act specified in the definition of "broker," but who performs such act under the direction, control, or management of another person. Paragraph five of the same act provides, "Broker-salesman" means a person who is registered as a broker, but who performs the duties of a salesman for another person, and who is designated as a broker-salesman in the registration list of the board.

The factor which distinguishes a principal-agent relationship from an independent-contractor relationship is control and direction by the principal over the conduct of the agent. See Jones v. City of Hialeah, supra.