# VOIGHT v THE PUBLIC HEALTH TRUST OF DADE COUNTY, FLORIDA, etc.

## Case No. 83-384-AP

Eleventh Judicial Circuit, Appellate Division, Dade County

February 27, 1986

### APPEARANCES OF COUNSEL

**Barbara Malone,** Legal Services of Greater Miami, Inc., for appellant.

**Alan M. Fisher, Hayt, Hayt & Landau,** for appellee.

Before BARAD, SMITH, SOLOMON, JJ.

### OPINION OF THE COURT

BARAD, JUDGE.

This is an appeal from the trial court's denial of a motion to vacate a final default judgment.

This case arose when the appellant, Voight, executed a guarantee of payment contract in favor of the Public Health Trust d/b/a Jackson Memorial Hospital, so that the minor child of a relative residing in Haiti, could have a necessary operation. After the principal obligor failed to meet her obligations, the plaintiff-appellee filed a second suit

(an earlier one having been dismissed for lack of prosecution) against the guarantor-appellant.

On March 21, 1983, the trial court entered a final judgment against appellant, who failed to answer the complaint. Appellant then, on May 10, 1983, wrote a handwritten letter to the Judge below asking for assistance. The trial judge, scheduled a hearing for May 31, 1983. At said hearing he referred appellant to Legal Services of Greater Miami and continued the case to October 13, 1983. At the October 13th hearing, the trial judge found that appellant's neglect in not answering the complaint in a timely fashion was excusable, but he denied appellant's motion (by her Legal Services attorneys) to set aside the default judgment because he found that none of her defenses were meritorious. It is from this ruling that this appeal ensued.

The court finds that the trial court did not abuse its discretion in finding that defendant Voight's neglect in answering the complaint was excusable. The defendant had responded in a timely fashion to an earlier suit by the same plaintiff on the same debt which had recently been dismissed by the lower court for lack of prosecution. It was reasonable for the trial court to conclude here that the defendant legitimately thought this second suit was a mistake and would be dismissed since the first identical suit had been only recently dismissed for lack of prosecution. Trial courts are vested with broad discretionary power to determine whether or not facts constituted excusable neglect justifying the vacating of a default judgment. There is a general policy of liberality in order to reach the merits of a case. *Florida Aviation Academy v. Charter Air Center*, 449 So.2d 350, 352 (Fla. 1st DCA 1984); *Foundation Well Paint Corp. v. Bauman*, 437 So.2d 729 (Fla. 3d DCA 1983); *Johnson v. Florida Real Estate Commission*, 361 So.2d 734 (Fla. 4th DCA 1978). *Florida Aviation* held that the failure of defense counsel to file or serve pleadings caused by the fault of an inexperienced legal secretary constituted excusable neglect.

In general, the Florida Supreme Court and Federal Courts have ruled that discretion is abused only where no reasonable person could take the view adopted by the trial court. *Canakaris v. Canakaris*, 382 So.2d 1197, 1203 (Fla. 1980); *Delno v. Market Street Railway Company*, 124 F.2d 965, 967 (9th Cir. 1942). There was certainly no abuse of discretion here in finding that defendant appellant's neglect was excusable.

We now reach the issue of whether the trial court was correct in denying the motion to set aside the default on grounds of lack of meritorious defenses. After careful research, we conclude that the trial

court acted incorrectly in denying the motion to set aside default. The defenses, as pleaded, were meritorious. In a motion to set aside a default a defendant is obliged only to allege meritorious defenses and the facts supporting them. The defendant is not required to *prove* the underlying facts of his defenses. *Perry v. University Cabs, Inc.*, 344 So.2d 915 (Fla. 3d DCA 1977). *Pedro Realty v. Silva*, 399 So.2d 367 (Fla. 3d DCA 1981), *Foundation Well Point v. Bauman*, 437 So.2d 729 (supra). In *Pedro Realty*, the court said:

> "Consistent with our holdings that discretion should be liberally exercised in granting application for vacating default judgments. . . We hold that a denial contained in a responsive pleading may allege a meritorious defense so as to create an issue of fact." *Id.* at 369.

It is true that as an additional factor in determining whether the neglect was excusable, and thus whether the default should be set aside, the Court may consider whether Defendant subsequently demonstrated due diligence in seeking relief upon learning of the default as Defendant contends. However, in this case, the Defendant certainly demonstrated due diligence in seeking relief upon learning of the default. As stated above, as soon as she learned of the default, she wrote a handwritten letter to the trial judge. As with excusable neglect, case law holds that courts should interpret the due diligence requirement liberally in order to allow Defendants to present their defenses and reach the merits of a case. *B. C. Builders Supply Co., Inc. v. Maldonado*, 405 So.2d 1345 (Fla. 3d DCA 1981)

In the case at bar, all four of Defendant's affirmative defenses of Accord and Satisfaction, Novation and Release, Duress and Waiver are alleged meritoriously. The plaintiff's conduct since 1975 in accepting payments from Ms. Voight creates a meritoriously alleged defense of waiver. See *Opler v. Wynne*, 402 So.2d 1309 (Fla. 3d DCA 1981). Plaintiff's promise in 1981 not to sue defendant so long as the obligor paid $50.00 monthly constituted good consideration and thus the defense of Novation & Release was properly alleged. See *Henderson v. Kendrick*, 89 So. 635 (Fla. 1921). Also, since defendant has been paying $50.00 a month on a regular basis, which has been accepted by the hospital-plaintiff, her defense of Accord & Satisfaction has been meritoriously alleged. See *Rudick v. Rudick*, 403 So.2d 1091 (Fla. 3d DCA 1981). Lastly, the defendant, in alleging facts that the patient would have died if not treated, and the hospital would have refused treatment if no guarantee of payment had been made, has alleged the meritorious defense of duress. See *City of Miami v. Kory*, 394 So.2d 494, 497.

Since the defendant has shown excusable neglect and alleged merito-

rious defenses, the trial court erred in refusing to set aside the default judgment. This case is thus reversed and remanded with directions to decide this case on its merits.

REVERSED AND REMANDED WITH DIRECTIONS.

SMITH, SOLOMON, JJ., concur.