493 So.2d 91 (1986)
A.H. ARNOLD, Individually, and Resort Markets Limited, Appellants,
v.
Thomas C. MASSEBEAU, Jr., Individually, Mass Enterprises, Inc., Sand and Surf II, and Travelers Timeshare, Ltd., Appellees.
No. 86-228.
District Court of Appeal of Florida, Fifth District.
September 4, 1986.
*92 Clifford A. Taylor, of Chiumento & Associates, P.A., Flagler Beach, for appellants.
Francis J. Carroll, Jr., of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Daytona Beach, for appellees.
COWART, Judge.
The order denying appellants' motion to set aside a default is reversed because appellants' motion for rehearing, the supporting affidavits, and the proposed answer and affirmative defenses established excusable neglect and a meritorious defense. See North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962); Associated Medical Institutions, Inc. v. Imperatori, 338 So.2d 74 (Fla. 3d DCA 1976); Rubin v. Baker, 276 So.2d 532 (Fla. 3d DCA 1973).
The trial court was correct in determining that under the Florida Rules of Civil Procedure a legally insufficient motion cannot be corrected as a matter of right by a motion for reconsideration or rehearing, see Dalton v. Dalton, 412 So.2d 928 (Fla. 1st DCA 1982); however, the trial court apparently determined that it was without authority to reconsider the denial of the original motion to vacate. While an order denying a motion to set aside a default judgment is a nonfinal order and, thus, petitions for rehearing are not authorized, see Smith v. Weede, 433 So.2d 992 (Fla. 5th DCA 1983), it is well established that a trial court has the inherent discretionary power to reconsider any order entered prior to rendition of the final judgment in the cause. See North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962); Commercial Garden Mall v. Success Academy, Inc., 453 So.2d 934 (Fla. 4th DCA 1984). Cf. Associated Medical Institutions, Inc. v. Imperatori, 338 So.2d 74 (Fla. 3d DCA 1976); Rubin v. Baker, 276 So.2d 532 (Fla. 3d DCA 1973).
Accordingly, we reverse and remand for reconsideration by the trial court consistent with the above authority.
DAUKSCH and COBB, JJ., concur.