GUNTHER, Judge.
We affirm the trial court’s order denying Bil-Jax, Inc.’s (Bil-Jax) motion to vacate a final judgment on default. The trial court did not grossly abuse its discretion in denying the motion because the movant failed to show facts necessary to support a finding of excusable neglect by the insurer’s New York attorney.
In the instant case, the New York attorney of Bil-Jax’s insurer failed to assign a Florida counsel to defend this lawsuit. As a result, no responsive pleadings were filed and a default and final judgment were entered against Bil-Jax.
On motion to vacate final judgment on default, Bil-Jax submitted affidavits from its vice-president and its insurer’s president, persons without personal knowledge of the neglect, but not from the New York attorney, the person responsible for the neglect. It would be pure conjecture for the trial court to attempt to find facts which constitute excusable neglect by the New York attorney from these two affidavits. There is no sworn explanation upon which to conclude excusable neglect existed. See C.E. Peters Landclearing, Inc. v. Gossington, 487 So.2d 319 (Fla. 4th DCA 1986). Furthermore, a reasonable and credible explanation was not presented to the trial court as required by Somero v. Hendry General Hospital, 467 So.2d 1103 (Fla. 4th DCA 1985).
DELL and STONE, JJ., concur.