PER CURIAM.
The defendant appeals an order denying his motion to vacate a clerk’s default. We have jurisdiction. Fla.R.App.P. 9.130(a)(3)(C)(iv).
The proceeding below was commenced to foreclose a mechanic’s lien against the property of a customer. A clerk’s default was procured the first day permissible for failure of the defendant to file a timely answer or other responsive pleading. The day following, the defendant’s previously retained counsel filed a motion to vacate the default (and tendered for filing an answer containing affirmative defenses together with a counterclaim) which contained an affidavit reciting that the answer or responsive pleadings were delayed because defense counsel suffered a sprained back. At the hearing on the motion to vacate the affidavit was uncontroverted. The pleadings and exhibits tendered demonstrate a colorable defense of accord and satisfaction. When excusable neglect and a meritorious defense are presented, it is usually error to deny a motion to vacate a default. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla.1962); Pedro Realty v. Silva, 399 So.2d 367 (Fla. 3d DCA 1981).
Reversed with directions to vacate the default.