575 So.2d 301 (1991)
CITY OF HOLLYWOOD, Appellant,
v.
Jane CORDASCO and Ralph Cordasco, Appellees.
No. 90-2263.
District Court of Appeal of Florida, Fourth District.
February 27, 1991.
*302 Alan B. Koslow, City Atty., and Darcee S. Siegel, Asst. City Atty., Hollywood, for appellant.
Steven S. Farbman of the Law Offices of David W. Singer, P.A., Hollywood, for appellees.
GUNTHER, Judge.
The defendant/appellant, City of Hollywood (Hollywood), appeals the order denying its motion to vacate a default entered in favor of the plaintiff/appellee Jane Cordasco (Cordasco) as well as the order denying Hollywood's subsequent motion for rehearing. We reverse on the authority of Associated Medical Institutions, Inc. v. Imperatori, 338 So.2d 74 (Fla. 3d DCA 1976).
In the instant case, the default was entered because Hollywood failed to timely answer the complaint filed by Cordasco. Upon learning of the entry of the default, Hollywood filed a motion to vacate together with an affidavit stating that the summons and complaint had not been calendared causing Hollywood to fail to timely file an answer. Because the affidavit Hollywood filed in support of its motion to vacate did not explain why the case was not calendared and simply contained mere legal conclusions, the trial court correctly concluded that Hollywood failed to adequately show excusable neglect. See Bil-Jax, Inc. v. Williamson, 497 So.2d 1350 (Fla. 4th DCA 1986). Thus, the trial court did not abuse its discretion in initially denying Hollywood's motion to vacate.
Although a legally insufficient motion to vacate a default cannot be corrected as a matter of right by a motion for reconsideration or hearing, a trial court does have the inherent discretionary power to reconsider any order entered prior to the rendition of final judgment in the cause. Arnold v. Massebeau, 493 So.2d 91 (Fla. 5th DCA 1986).
In the instant case, the trial court correctly exercised its discretionary power and ruled on the motion for rehearing. However, once the trial court correctly exercised its discretion, it erred in denying Hollywood's motion for rehearing on the motion to vacate. In Imperatori, the defendant first filed a motion to vacate the default which the trial court denied. Although the Imperatori court upheld the trial court's denial of the defendant's motion on the grounds that the defendant had failed to plead or present a meritorious defense, the Imperatori court held that the trial court did err in denying the defendant's petition for rehearing on its motion to vacate. According to Imperatori, the petition for rehearing had included the necessary answer and affirmative defenses entitling the defendant to prevail on a motion to vacate.
We conclude that Arnold and Imperatori stand for the proposition that the trial court may permit a party to cure a defective motion to vacate by filing a subsequent motion for rehearing which corrects the deficiency of the original motion to vacate. In the instant case, Hollywood's motion for rehearing included the necessary affidavit to sufficiently establish excusable neglect. Thus, we reverse the order denying the motion for rehearing.
Upon remand, the trial court shall enter an order vacating the default entered in favor of Jane Cordasco against Hollywood.
REVERSED AND REMANDED.
ANSTEAD J., concurs.
DELL, J., dissents with opinion.
DELL, Judge, dissenting:
The majority concludes that the trial court erred as a matter of law when it denied appellant's motion for rehearing. The majority misplaces its reliance on Arnold v. Massebeau. In Arnold, the trial court erroneously concluded that it had no authority to reconsider its order denying the original motion to vacate default. The Arnold court pointed out:
[I]t is well established that a trial court has the inherent discretionary power to *303 reconsider any order entered prior to rendition of the final judgment in the cause.
Id. at 92.
The majority recognizes the trial court's inherent discretion on rehearing, but consistent with Imperatori, holds that the trial court erred when it denied appellant's motion. In my view, Imperatori and the majority has taken the discretion away from the trial court. The effect of the majority's decision is to abrogate the provisions of Florida Rule of Civil Procedure 1.530 by placing an affirmative duty on the trial court to grant rehearing whenever a party, by its motion for rehearing, corrects previously defective pleadings.
The affidavit filed with the motion for rehearing simply elaborates on the allegations contained in the original affidavit filed in support of the motion to vacate the default. Appellant does not explain or furnish any basis for the trial court to conclude that there was a justifiable reason for its failure to file the second affidavit with its original motion. Under the circumstances, I do not believe the trial court abused its discretion. Accordingly, I would affirm the trial court's order denying rehearing.