PER CURIAM.
Claimant seeks review of a workers’ compensation order denying adjustment of his average weekly wage to include his compensation as a confidential informant. The issue in this appeal is whether the record contains competent, substantial evidence to support the finding of the judge of compensation claims that appellant was an independent contractor. We reverse.
Claimant suffered a compensable hand injury on March 18,1987, during the course of his full-time employment. During the same time period, claimant also worked part-time as a confidential informant for the Ocala-Marion County Narcotics and Vice Task Force. The deposition testimony of Patrol Captain Suess indicated that claimant had worked for him for several years prior to the events at issue in this case, and that appellant was working for the Narcotics Task Force on the date of his accident and for the three months preceding the accident. Captain Suess further stated that claimant was not considered an employee of the Ocala-Marion County Police Department, or of the Narcotics Task Force, and no withholdings were made from his earnings as a confidential informant, or from other funds given to him.
*337 Attached to Captain Suess’s deposition are numerous documents pertaining to claimant’s employment as a confidential informant, including a confidential source profile, a confidential source conduct form, a consent to intercept telephone communications, a consent to search, a fingerprint card, and receipts for payments made to claimant by Captain Suess. Pursuant to the confidential source conduct form, claimant agreed that he would make no purchases or seizures of controlled substances without the permission of his “control officer,” agreed that any payment received would be considered as income, and agreed that he was not an employee of the Ocala-Marion County Narcotics and Vice Task Force and he would not identify himself as such. The consent to intercept form certifies that claimant was working with the Narcotics and Vice Task Force, and that he gave authority to law enforcement officers to intercept and record his wire and telephone conversations. In addition, claimant gave consent to be searched by Captain Suess at any time, while he was working as a confidential source for the department.
Claimant testified that he had done undercover work for four or five years. During that time, he did whatever he was told to do. His assignments included drug purchases and prostitute contacts. The officers told him whom to contact, and supplied him with names, addresses, and sometimes with pictures. In addition, officers provided claimant with transportation to and from the assigned activities.
The judge of compensation claims found that claimant was an independent contractor when he worked as a confidential informant for the Ocala-Marion County Narcotics and Vice Task Force, and that he was not an employee of the police department. The order states that the judge relied on Captain Suess’s testimony for this determination, and expressly found any testimony in conflict with that of the officer was not credible. In view of the determination that claimant’s employment as a confidential informant was that of an independent contractor, his claim for adjustment of his average weekly wage and corresponding compensation rate was denied.
Because independent contractors are excluded from required coverage under the Workers’ Compensation Act, see § 440.-02(13)(d)l, Fla.Stat. (1989), earnings as an independent contractor are not includable in the average weekly wage calculation. Edwards v. Caulfield, 560 So.2d 364, 369 (Fla. 1st DCA 1990); Sunshine Ace Hardware v. Gray, 541 So.2d 1236 (Fla. 1st DCA 1989). Control has always been the critical factor in a determination of independent contractor status, and is incorporated into the statutory definition, which provides in part:
(d) “Employee” does not include:
1. An independent contractor, who is not subject to the control and direction of the employer as to his actual conduct, except those independent contractors engaged in the construction industry, ...
The test for control is generally -determined on the basis of who has the right to direct what shall be done, and when, where, and how it shall be done. Roberts v. Gator Freightways, Inc., 538 So.2d 55 (Fla. 1st DCA), approved, 550 So.2d 1117 (Fla.1989); Lindsey v. Willis, 101 So.2d 422, 426 (Fla. 1st DCA 1958). Other factors to consider in the independent contractor determination include (1) the selection and engagement of the worker, (2) the method of payment, and (3) whether the employer or the worker supplies the tools required for the job. Pearson v. Harris, 449 So.2d 339, 342 (Fla. 1st DCA 1984). An independent contractor is responsible to his employer only as to the results of his work; an employee receives direction as to the manner in which the work is performed. See, generally, Edwards v. Caulfield, 560 So.2d at 370; Lindsey v. Willis, 101 So.2d at 426. The ultimate test is the element of control. Id.
In Jones v. City of Hialeah, 368 So.2d 398, 400 (Fla. 3d DCA), cert. denied, 378 So.2d 346 (Fla.1979), on a fact scenario similar to that in this case, the court concluded that although the confidential informant “was a volunteer and not an employee of the City of Hialeah in the conventional sense, once his services were accepted *338 the evidence presented reflects the requisite control and direction by the Hialeah police over his conduct.” The court noted that when the confidential informant was involved in a drug deal, an officer was in charge and the informant was under the officer’s command. The Hialeah police prescribed the manner in which the work was to be executed and the methods and details by which the results were to be obtained. Consequently, an agency relationship existed for the period of time in which the confidential informant was engaged in activities related to his particular assignment by the Hialeah police.
The degree of control exercised over appellant’s activities in this case is reflected by appellant’s testimony, which the judge expressly rejected, and by the personnel documents attached to Officer Suess’s deposition. These documents indicate that the tasks undertaken by appellant' for the Ocala PD were under the complete direction and control of the police department. For example, the department furnished the funds necessary for controlled buys, and provided appellant with up-front “expense” funds, in.such amounts as $5.00, to spend at a bar in the course of making a contact. According to these documents, appellant was required to advise his control officer before conducting any investigation, and could make no purchases or seizures of controlled substances without obtaining permission from his control officer. Further, appellant was to consider any payment received from the Task Force as income. In view of the documented evidence attesting that law enforcement personnel exercised rigid control over the manner in which claimant performed the tasks assigned to him, we conclude that Captain Suess’s statement that he did not consider claimant an employee does not constitute competent substantial evidence to support the judge’s finding that claimant was an independent contractor.
Accordingly, the order denying the claim for adjustment of claimant’s average weekly wage to reflect his earnings as a confidential informant is reversed, and the cause is remanded for further proceedings.
JOANOS, C.J., ERVIN, J., and WENTWORTH, Senior Judge, concur.