596 So.2d 1174 (1992)
LATIN AMERICAN PROPERTY AND CASUALTY INSURANCE COMPANY, Appellant,
v.
ITALIAN PALACE, INC., a Florida corporation, Joyce Presher, Jack Veneziano, Arnaldo Bacallo, ABA Insurance Services, Inc., a Florida corporation, and Center Finance Corp., a Florida corporation, d/b/a C.F.C. Premium Finance, Ltd., a Florida Limited Partnership, Appellees.
Nos. 91-1326, 91-1339.
District Court of Appeal of Florida, Fourth District.
April 1, 1992.
Rehearing and Rehearing Denied May 22, 1992.
Albert E. Moon of Weinstein, Bavly & Moon, P.A., and Arthur J. Morburger, Miami, for appellant.
Henry A. Seiden of Henry A. Seiden, P.A., Coral Springs, for appellees.
Rehearing and Rehearing En Banc Denied May 22, 1992.
POLEN, Judge.
Latin American Property and Casualty Insurance Company [hereinafter Latin American] brings these consolidated non-final appeals from orders denying motions to vacate an ex parte clerk's default. Upon Latin American's concession, we affirm the trial court's order of April 9, 1991, denying its initial motion to vacate the default. However, we reverse the May 6, 1991 order.
Appellees obtained an ex parte clerk's default after Latin American failed to file any papers in response to appellees' 103-page amended complaint. One day after the default was entered, Latin American filed a motion to dismiss the complaint, and a motion to vacate the default and quash service of process of the amended complaint. The motion to vacate the default was denied on April 9, 1991.
Three (3) days after the denial of its initial motion to vacate, Latin American filed an amended motion to vacate default, and as grounds therefore stated: 1) appellees were aware of the names of Latin American's counsel and had a duty to notice those attorneys on the motion for default; 2) appellees were fully cognizant of Latin American's intent to defend against the action; and 3) Latin American's failure to respond to the amended complaint was caused by secretarial error constituting excusable neglect. A hearing was held on the merits of this amended motion, the trial court having before it Latin American's motion, supporting affidavit, and proposed answer. The court denied the motion on May 6, 1991.
Latin American concedes that the trial court's denial of its initial motion to vacate default was proper, as the grounds advanced in that motion lacked merit. Therefore, we affirm the denial of Latin American's initial motion to vacate the default judgment. However, Latin American argues *1175 that the trial court should have treated its amended motion as a motion for reconsideration, and should have granted that motion because it established several grounds for vacating the default.
As this court stated in City of Hollywood v. Cordasco, 575 So.2d 301 (Fla. 4th DCA 1991), "[a]lthough a legally insufficient motion to vacate a default cannot be corrected as a matter of right by a motion for reconsideration or hearing, a trial court does have the inherent discretionary power to reconsider any order entered prior to the rendition of final judgment in the cause." Id. at 302 (citing Arnold v. Massebeau, 493 So.2d 91 (Fla. 5th DCA 1986)) (emphasis in original). In the instant case, the trial court exercised its discretion and conducted a hearing on Latin American's amended motion to vacate the default.
"It is axiomatic that Florida jurisprudence favors liberality in the area of setting aside defaults in order that parties may have their controversies decided on the merits." Somero v. Hendry Gen. Hosp., 467 So.2d 1103, 1104 (Fla. 4th DCA) (citing North Shore Hosp., Inc. v. Barber, 143 So.2d 849 (Fla. 1962)), rev. denied sub nom. Hayslip v. Somero, 476 So.2d 674 (Fla. 1985). A default will be set aside upon a showing that excusable neglect led to the default, a meritorious defense exists for the cause, and due diligence was used to set aside the default. See Rosenblatt v. Rosenblatt, 528 So.2d 74 (Fla. 4th DCA 1988). Further, "where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir, then upon timely application accompanied by a reasonable and credible explanation the matter should be permitted to be heard on the merits." Somero, 467 So.2d at 1106.
The instant case falls squarely within the principles of law enunciated above. Latin American established that their failure to file an answer resulted from secretarial error. Latin American's answer constituted a sufficient showing that a meritorious defense existed. See Pedro Realty, Inc. v. Silva, 399 So.2d 367, 369 (Fla. 3d DCA 1981). Lastly, Latin American promptly informed appellees of its intention to set aside the default and demonstrated due diligence in its attempt to do so. Therefore, we reverse the trial court's order denying Latin American's motion and remand with directions to the trial court to vacate the default.
REVERSED and REMANDED.
DOWNEY, J., concurs.
STONE, J., dissents with opinion.
STONE, Judge, dissenting.
I would affirm. In my judgment, the record, although ambiguous, does not require a conclusion that the court had granted a rehearing. Therefore, the trial court did not abuse its discretion in denying the second motion. The court has the discretion to deny a rehearing where a second motion is filed alleging grounds that are totally different from those initially asserted. The court's "hearing out" of counsel's argument, or asking counsel questions about his argument to understand the issues, should not deprive the court of the discretion to conclude that the new arguments, even if valid had they been asserted initially, should not be permitted to alter the prior ruling on the initial motion to set aside the default.
On the merits, I also question whether the facts here mandate a conclusion that the plaintiff had notice that an attorney was representing the appellant in the defense of the suit.