712 So.2d 1146 (1998)
ABD CONSTRUCTION CO., Appellant,
v.
Irma DIAZ, Appellee.
No. 97-2859.
District Court of Appeal of Florida, Third District.
June 10, 1998.
Rehearing Denied July 15, 1998.
Bambi G. Blum, Miami; Ross & Burger, Miami, for appellant.
Kutner, Rubinoff, Bush & Lerner and Susan L. Lerner, Miami, for appellee.
Before SCHWARTZ, C.J., and GODERICH and SHEVIN, JJ.
*1147 GODERICH, Judge.
The defendant below, ABD Construction Co. [ABD], appeals from a non-final order entered pursuant to the jury's finding that it is liable for the injuries sustained by the plaintiff, Irma Diaz. We reverse and remand for entry of final judgment in favor of ABD.
The plaintiff filed suit against ABD for injuries she sustained when she fell into a trench. The evidence at trial showed that in 1990, Irma Diaz and Raquel Rodriguez [collectively referred to as "the buyers"] hired Blue Haven Pool [Blue Haven] to construct a swimming pool. ABD, a local construction company, acted as a qualifier for Blue Haven, an out-of-state company. The contract and plans did not specify that the electrical panel would be changed or that underground utilities would be rerouted. In fact, the contract between Blue Haven and the buyers specifically provided:
8. Plumbing and Utilities. Unless specified otherwise on the face of the contract or on the plans, plumbing, gas, waste, and water lines are not to be changed and labor, materials and equipment necessary to relocate, reroute or replace sanitation and water supply systems and utilities, including overhead and underground, are not included under the terms of the contract and shall be the responsibility of the Buyer.
9. Electrical Services. Unless specifically included, electrical work contemplates no change to existing service panel other than the addition of circuit breakers or fuse block to distribute to new outlets. Changes to existing wiring not included. ALL PANEL CHANGES ARE BUYER'S RESPONSIBILITY.
After the buyers entered into the contract with Blue Haven, ABD pulled a plumbing permit and a master pool construction permit.
During the construction of the pool, a trench was dug in order to change the electrical panel and to reroute underground utilities. It is undisputed that ABD did not dig the trench, that ABD did not order that the trench be dug, that ABD did not hire the electricians, or that ABD did not know that a trench was being dug. It is also undisputed that the electrical work was beyond the scope of the pool and plumbing permits and beyond the scope of the contract between the buyers and Blue Haven. Unfortunately, because an electrical permit was never pulled and Blue Haven went out-of-business, it is not known who dug the trench or completed the electrical work. When Blue Haven went out-of-business, ABD completed the project. By the time that ABD stepped in to complete the project, the trench had already been dug, the accident had occurred, the trench had already been filled and all that remained to be finished was the pool deck.
At trial, ABD moved for a directed verdict arguing that it was not directly liable since it neither dug the trench nor ordered that the trench be dug. Further, ABD argued that it was not vicariously liable because the contract between Blue Haven and the buyers specifically excluded the electrical work, and the electrical work was beyond the scope of the pool and plumbing permits. ABD argues on appeal that the trial court erred in denying its motion for directed verdict. We agree.
First, because the plaintiff conceded that ABD did not dig the trench, ABD could not be directly liable for the plaintiff's injuries. Next, under the doctrine of vicarious liability, "a principal is not liable for actions of its agents committed outside the scope of its employment and before one may infer that the principal ratified unauthorized acts of his agent, evidence must demonstrate that the principal was fully informed or that he approved of those acts." Pedro Realty Inc. v. Silva, 399 So.2d 367, 369 (Fla. 3d DCA 1981). In the instant case, ABD is not vicariously liable for the injuries sustained by the plaintiff since the electrical work and the digging of the trench was outside of the scope of the contract between the buyers and Blue Haven. Moreover, it is undisputed that ABD did not have knowledge of the digging of the trench, and therefore, could not have approved that act.
Further, as the qualifying agent, ABD "has the responsibility to supervise, direct, manage, and control construction activities on a job for which he has obtained the *1148 building permit, ..." § 489.105(4), Fla. Stat. (1989). There is no doubt that ABD would have been liable for any injuries arising from the actual construction of the pool or the plumbing work performed, but because ABD did not obtain an electrical permit, it is not responsible for any injuries sustained to the plaintiff connected with the electrical work, which would include the digging of the trench.
The trial court's denial of ABD's motion for directed verdict is reversed. As a result of the above disposition, we do not need to reach the remaining points raised by the defendant.
Reversed and remanded for entry of judgment in favor of ABD.