447 So.2d 929 (1984)
Susan M. RAHN, As Personal Representative of the Estate of James D. Rahn, Deceased, Appellant,
v.
AMP INCORPORATED, a Foreign Corporation, Appellee.
No. 83-978.
District Court of Appeal of Florida, Third District.
March 6, 1984.
Rehearing Denied April 27, 1984.
*930 Daniels & Hicks and Sam Daniels and Patrice A. Talisman; Sams, Gerstein, Ward, Newman & Beckham, Miami, for appellant.
Richard A. Sherman; Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, Fort Lauderdale, for appellee.
Before BARKDULL, HUBBART and JORGENSON, JJ.
PER CURIAM.
We find no error in the trial court holding that the two-year statute of limitations for wrongful death commenced upon the date of the death of the deceased. Section 95.11(4)(d) Florida Statutes (1977); Walker v. Beech Aircraft Corporation, 320 So.2d 418 (Fla. 3d DCA 1975); Fletcher v. Dozier, 314 So.2d 241 (Fla. 1st DCA 1975). This is true notwithstanding the fact that a posthumous child is not born until five and a half months after his father's death.[1] The action for wrongful death is purely statutory. Variety Childrens Hospital v. Perkins, 445 So.2d 1010 (Fla. 1983); Parker v. City of Jacksonville, 82 So.2d 131 (Fla. 1951); Moorey v. Eytchison & Hoppes, Inc., 338 So.2d 558 (Fla. 2d DCA 1976). The personal representative of the estate of the deceased is authorized to institute such an action. Section 768.20, Florida Statutes (1977).
Section 768.21, Florida Statutes (1977) reads in part as follows:
"All potential beneficiaries of a recovery for wrongful death, including the decedent's estate, shall be identified in the complaint, and their relationships to the decedent shall be alleged." (emphasis added).
The action being purely statutory, it should have been commenced within the statutory period authorizing such, to wit: 2 years from the death, even though as to the potential beneficiary, the posthumous child, it may be abated pending his or her birth. Therefore the final summary judgment here under review be and the same is hereby affirmed.
Affirmed.
NOTES
[1] The cause of action involved in this litigation was instituted without the two-year period from the date of the death of the deceased but within a two-year period from the birth of the posthumous child.