THOMPSON, Judge.
Mr. and Mrs. Long, the plaintiffs below, appeal a final summary judgment finding that their claim was barred by § 95.11(3)(c), Fla.Stat, a four year statute of limitations. We agree that the circuit court applied the wrong statute of limitations, and reverse.
The Longs purchased a house and lot from the appellee in 1979. Prior to the sale the parties entered into a Purchase and Sale Agreement which contained an express warranty that the seller would make all repairs “necessary to bring the building up to new construction standards.” On or before May 20,1980 the Longs began experiencing problems with the property’s drainage system, and on July 18, 1984 they filed suit alleging that appellee had breached the express warranty by failing to remedy the drainage problems. The appellee filed a motion for summary judgment, arguing that the breach of warranty claim was barred by § 95.11(3)(c) which provides a four year statute of limitations for actions “founded on the design, planning, or construction of an improvement to real property.” The Longs argued that the governing statute was § 95.11(2)(b) which provides a five year statute of limitations for actions “on a contract, obligation or liability founded on a written instrument.” The circuit court found that the § 95.-ll(3)(c) four year statute of limitations applied, and granted appellee’s motion for final summary judgment.
On appeal the Longs argue that the lower court applied the wrong statute of limitations and that their action, filed after four years but within five years of the discovery of the drainage problems, is not barred. We agree. The applicable statute of limitations for the claim asserted by the Longs is the five year statute of limitations of § 95.11(2)(b). Since their complaint was filed within five years from the discovery of the alleged breach of warranty, the claim is not barred. The appellee was merely the vendor in the sale of the property to the Longs, and is not within the class of persons sought to be protected by the shortened statute of limitations of § 95.-ll(3)(c). This provision was enacted by the legislature in 1980, and the preamble to the revised version makes it clear the legislature’s intent was to limit the amount of time an architect, engineer or contractor *966 could be exposed to potential liability for the design or construction of an improvement to real property. Ch. 80-322, § 2 Laws of Florida. There is no basis for appellee’s assertion that this statute of limitations extends to include vendors who expressly warrant to bring a structure into compliance with new construction standards as part of a sale agreement.
The final summary judgment in favor of appellee is reversed. The cause is remanded with instructions to vacate the final judgment and reinstate the action.
REVERSED and REMANDED.
JOANOS and NIMMONS, JJ., concur.