560 So.2d 361 (1990)
Tracy SHEILS and Wanda Sheils, Individually and As Parents and Natural Guardians of Timothy P. Sheils, a Minor, Appellants,
v.
JACK ECKERD CORPORATION, a Florida Corporation, Appellee.
No. 89-02680.
District Court of Appeal of Florida, Second District.
April 27, 1990.
*362 Louis J. Williams of Crawford, Brown, Williams & Roddenbery, P.A., Lakeland, for appellants.
Robert E. Bugg of Bugg & Dayton, P.A., Clearwater, for appellee.
CAMPBELL, Chief Judge.
In this appeal, appellants, plaintiffs below, Tracy Sheils and Wanda Owens Sheils, challenge the final summary judgment for appellee, defendant below, Jack Eckerd Corporation. The summary judgment held that appellants' cause of action was barred by section 95.11(4)(a), Florida Statutes (1987), the two-year statute of limitations for professional malpractice. Appellants argued below and again on appeal that because they brought their cause of action as a products liability cause of action, section 95.11(3), Florida Statutes (1987), the four-year statute of limitations applicable generally to products liability cases, should apply. We agree with the trial judge that the professional malpractice statute of limitations, section 95.11(4)(a), is the applicable statute and, therefore, affirm this summary judgment.
Appellants are the parents of Timothy P. Sheils, a minor. Appellee is the owner of a chain of retail stores that include pharmacies for the purpose of dispensing prescription drugs.
On January 9, 1984, Timothy's mother, appellant Wanda Sheils, presented the pharmacist at appellee's pharmacy on North Highway 98 in Lakeland, Polk County, Florida, with a prescription for Timothy for a drug called Dimetapp that had been prescribed by a medical doctor. The prescription called for a dosage of one-half teaspoon of Dimetapp four times a day. When appellee's pharmacist prepared the label that was then affixed to the bottle of Dimetapp, it was erroneously prepared to call for two teaspoons four times a day. This amount was four times the dosage prescribed by the medical doctor. The dosage error in the labeling of the prescription was not discovered until appellants returned the bottle for a refill of this prescription.
Appellants filed their four-count complaint seeking compensatory damages for the alleged resulting injury to Timothy Sheils based on strict liability, negligence and breach of warranty. They also requested punitive damages.
It is not disputed that appellee's pharmacist is a "professional" within the meaning of section 95.11(4)(a), and that if appellants *363 had sued the pharmacist, the two-year statute of limitations for professional malpractice under section 95.11(4)(a) would apply. Appellants forcefully and ably argue, however, that because they chose to sue the corporate appellee, rather than its pharmacist, and to structure their complaint around a cause of action based on strict liability arising out of a sale of a defectively labeled product, rather than an action for professional malpractice, then section 95.11(3), the four-year statute of limitations for products liability applies. Regardless of the forcefulness of appellants' argument, the two most applicable, reasonable and persuasive of the rules of statutory construction force us to conclude that section 95.11(4)(a) relating to limitations on professional malpractice actions is the proper statute to be applied to the particular circumstances of this case. It is not disputed in this case that but for the alleged negligence of appellee's pharmacist there would have been no error in the prescribed dosage and appellants would have no cause of action under any theory.
The first applicable rule of statutory construction is that where there are two conflicting statutes of limitations, one imposing a shorter limitations period than the other, or where there is a substantial question which of two or more statutes should be applied, the issue is often resolved on the basis of whether the jurisdiction in question favors a strict or liberal construction of such statutes. When a liberal construction is favored, the shorter limitations period is usually held to be applicable. See 54 C.J.S. Limitations of Actions § 6(b) (1987); 51 Am.Jur.2d Limitation of Actions §§ 50, 63 (1970). Florida has generally been recognized to favor liberality in its construction of statutes of limitations, such statutes being considered remedial in nature. 35 Fla.Jur.2d Limitations and Laches §§ 4, 11 (1982). Indeed, in Lucom v. Atlantic National Bank of West Palm Beach, Florida, 354 F.2d 51, 54 (5th Cir.1965), cert. denied, 385 U.S. 898, 87 S.Ct. 199, 17 L.Ed.2d 130 (1966), the court, in offering its interpretation of several Florida Supreme Court cases, specifically stated that "Florida cases hold that when two statutes limit the time in which an action may be brought, both apply and the dilatory litigant is caught by whichever runs first."
We need not rely, however, only on a strict versus liberal construction argument in order to agree with the trial judge that the specific professional malpractice two-year limitation of section 95.11(4)(a) applies and that the more general products liability limitation of section 95.11(3) does not apply. The rules of construction governing the interpretation of general statutory provisions are equally applicable to statutes of limitations. Therefore, the second applicable rule of statutory construction is that where a general law that applies to numerous classes of cases conflicts with the law that applies only to a particular class, the latter, or more specific law, generally controls even when, in regard to statutes of limitations, the general provision provides for a longer period than the more specific provision. 54 C.J.S. Limitations of Actions § 6(a) (1987). This court has repeatedly followed the general rule that a more specific statute covering a particular subject controls over another statute covering the same subject in more general terms. State v. Billie, 497 So.2d 889 (Fla. 2d DCA 1986); Floyd v. Bentley, 496 So.2d 862 (Fla. 2d DCA 1986). See also Department of Health and Rehabilitative Services v. American Healthcorp of Vero Beach, Inc., 471 So.2d 1312 (Fla. 1st DCA 1985). Moreover, this court has specifically held that a specific statute of limitations addressing itself to a specific matter takes precedence over a more general statute of limitations even though the specific statute provides for a shorter period of limitations. Dubin v. Dow Corning Corp., 478 So.2d 71 (Fla. 2d DCA 1985).
Section 95.11(4)(a), providing a two-year statute of limitations for actions for professional malpractice was, therefore, applicable, as the trial judge ruled, to bar appellants' action. We have considered the cases cited by appellants and while we do not necessarily disagree with any of them, we consider them to be, in light of our *364 reasoning applied to this case, inapplicable. See West v. Caterpillar Tractor Co., Inc., 336 So.2d 80 (Fla. 1976); Adobe Building Centers, Inc. v. Reynolds, 403 So.2d 1033 (Fla. 4th DCA 1981); Steiner v. Ciba-Geigy Corp., 364 So.2d 47 (Fla. 3d DCA 1978); E.R. Squibb & Sons, Inc. v. Jordan, 254 So.2d 17 (Fla. 1st DCA 1971).
Affirmed.
HALL and PATTERSON, JJ., concur.