601 So.2d 298 (1992)
FLORIDA WEST COAST RAILROAD, Appellant,
v.
Dwight MAXWELL and Luewenia D. Maxwell, Appellees.
No. 91-03565.
District Court of Appeal of Florida, First District.
June 23, 1992.
*299 A. Craig Cameron, Orlando, for appellant.
Horace N. Moore, Gainesville, for appellees.
PER CURIAM.
This cause is before us on appeal from a nonfinal order denying a motion to set aside a clerk's default. The trial court denied the motion solely on the basis that appellant had failed to show excusable neglect.
In Latin American Property and Casualty Insurance Company v. Italian Palace, Inc., 596 So.2d 1174 (Fla. 4th DCA 1992), the court stated the general rule that:
"It is axiomatic that Florida jurisprudence favors liberality in the area of setting aside defaults in order that parties may have their controversies decided on the merits." Somero v. Hendry Gen. Hosp., 467 So.2d 1103, 1104 (Fla. 4th DCA [1985]). .. . "[W]here inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir, then upon timely application accompanied by a reasonable and credible explanation the matter should be permitted to be heard on the merits." Somero, 467 So.2d at 1106.
In the instant case, the affidavit accompanying the motion to set aside the default states that at the time the president of West Coast Railroad, Clyde Forbes, received the complaint, he advised his secretary to forward the papers to corporate counsel. Unfortunately, his secretary did not forward the papers to counsel and no answer was filed. Forbes did not confirm receipt of the papers because he was out of town accompanying his wife while she underwent cancer treatment in New York City. When Forbes learned that the default was entered, he immediately contacted counsel to file a motion to set it aside. In light of the unrefuted circumstances described in the Forbes affidavit, appellant has established excusable neglect.[1]
Accordingly, we reverse and remand with instructions to vacate the default.
BOOTH, WIGGINTON and WEBSTER, JJ., concur.
NOTES
[1] We also reject appellees' contention that other factors, not ruled on by the trial court, i.e., meritorious defense and due diligence, could support the judgment below.