667 So.2d 809 (1995)
Jerry L. BERISFORD, as personal representative of and duly appointed Administrator of the Estate of Sandra L. Berisford, Appellant,
v.
JACK ECKERD CORPORATION, a Delaware corporation; Irving M. Bratt, M.D., P.A., a Florida professional association, and Irving M. Bratt, M.D., individually. Appellees.
No. 94-1895.
District Court of Appeal of Florida, Fourth District.
November 29, 1995.
Rehearing, Rehearing, and Certification Denied February 29, 1996.
Ben J. Weaver of Weaver, Weaver & Lipton, P.C., Fort Lauderdale, Gregory A. Gellner of Artimez & Gellner Law Offices, Wheeling, W. Virginia, and Landers P. Bonenberger and R. Gregory McDermott of McDermott, Bonenberger, McDermott & Gallaway, Wheeling, W. Virginia, for Appellant.
Gary M. Farmer, Jr. of Bunnell, Woulfe & Keller, P.A., Fort Lauderdale, for Appellee-Jack Eckerd Corporation.
Rehearing, Rehearing En Banc, and Certification Denied February 29, 1996.
*810 PARIENTE, Judge.
The trial court granted final summary judgment in favor of appellee, Jack Eckerd Corporation (the pharmacy), on grounds that appellant's (plaintiff) claim that the pharmacy negligently filled prescriptions was time-barred by the statute of limitations. We reverse because there were issues of material fact as to whether an act of fraudulent concealment by the pharmacy tolled the limitations period.
Plaintiff's wife, age 48, died of liver failure on November 13, 1989. More than two years after her death, plaintiff filed an action for medical malpractice against Dr. Bratt, his wife's treating doctor, claiming that Dr. Bratt prescribed multiple prescription medications without properly monitoring the side effects. In the same complaint, plaintiff also sued the pharmacy, claiming that it negligently provided plaintiff's decedent with numerous refills of the prescription drug Voltaren without authorization from a treating physician. Both parties agree that the medical malpractice statute of limitations, section 95.11(4)(b), Florida Statutes (1993), does not apply, but disagree as to whether the applicable statute of limitations for the action against the pharmacy is the professional malpractice statute of limitations or the wrongful death statute of limitations.
Plaintiff contends that the professional malpractice statute of limitations, which provides a two-year period running from the "time the cause of action is discovered or should have been discovered," governs. See § 95.11(4)(a); Sheils v. Jack Eckerd Corp., 560 So.2d 361 (Fla. 2d DCA 1990). The pharmacy contends that the two-year wrongful death statute applies so that this cause of action would run from the date of death. See § 95.11(4)(d); Arthur v. Unicare Health Facilities, Inc., 602 So.2d 596 (Fla. 2d DCA 1992); Rahn v. AMP Inc., 447 So.2d 929, 930 (Fla. 3d DCA 1984).
We need not decide which statute of limitations applies because, but for the issue of fraudulent concealment, we would affirm summary judgment under either statute of limitations. Whether plaintiff's cause of action runs from the date of death under the wrongful death statute of limitations, or from the date the "cause of action is discovered or should have been discovered" pursuant to the professional malpractice statute of limitations, the record before us does not indicate any reason, other than the alleged fraudulent concealment by the pharmacy, why plaintiff should not have discovered the cause of action against the pharmacy in a timely fashion.
The pharmacy argues, however, that there can be no tolling of the statute of limitations for fraudulent concealment because fraudulent concealment is not specifically listed as a statutory exception to the wrongful death statute of limitations, as it is in the medical malpractice statute of limitations. We acknowledge that there is no specific reference to fraudulent concealment in any subsection of the provisions concerning statutes of limitations other than the reference in the subsection relating to medical malpractice actions.[1]See generally § 95.11.
However, the medical malpractice statute of limitations does not extend to a medical malpractice litigant a right which other litigants are denied; instead, the fraudulent concealment exception to the medical malpractice statute of limitations is in reality a statute of repose which absolutely bars any action after seven years even if there has been fraud, concealment or intentional misrepresentation. See University of Miami v. Bogorff, 583 So.2d 1000, 1003 (Fla.1991). Thus, rather than granting a right to medical *811 malpractice litigants not enjoyed by any other litigants, the medical malpractice statute actually limits the ability of a litigant to avoid the statute of limitations by virtue of fraudulent concealment.
In rejecting the argument that the doctrine of fraudulent concealment is a statutory creation which does not apply to toll the statute of limitations in a wrongful death action and applies only in medical malpractice actions, our court recently explained in Sullivan v. Fulton County Administrator, 662 So.2d 706, 709 (Fla. 4th DCA 1995):
That argument is unpersuasive because, when our supreme court adopted the doctrine of fraudulent concealment in Proctor [v. Schomberg, 63 So.2d 68] in 1953, there were no provisions for fraudulent concealment in our statutes of limitations. See also Nardone [v. Reynolds, 333 So.2d 25 (1976)], in which our supreme court referred to the doctrine as an "equitable principle" which tolls the statute of limitations. 333 So.2d at 37. It was not until after Proctor and Nardone, in 1975, that our legislature included fraudulent concealment as a statutory tolling provision in malpractice cases. Section 95.11(4)(b), Florida Statutes (1975). Nor is the doctrine of fraudulent concealment generally applied only in medical malpractice actions. As our supreme court stated in Proctor, 63 So.2d at 72, quoting from 34 Am.Jur. p. 188, sec. 231:
The rule that fraudulent concealment will prevent the running of the statute of limitations has been held applicable in actions by clients for the misappropriation of moneys collected, by patients against physicians for malpractice, for the conversion of personal property, by an owner for the recovery of lost or stolen property, to recover for the unlawful underground mining of ore belonging to another, against the liability of promoters of a corporation to account to the corporation for illegal actions or profits, by a chattel mortgagee for the fraudulent concealment and removal of the property, by a shipper to recover for unjust discrimination by a common carrier, and in other particular actions.

See also 51 Am.Jur.2d, Limitation of Actions, sec. 147.
Our reasoning in Sullivan is in accordance with Vargas v. Glades General Hospital, 566 So.2d 282, 285 (Fla. 4th DCA 1990), where we rejected the contention that the doctrine of equitable tolling of the statute of limitations should be disallowed in actions against state entities:
Fraudulent concealment as an exception to the statute of limitations has as its philosophy that "courts will not protect defendants who are directly responsible for the delays of filing because of their own willful acts." Nardone at 36. It is a doctrine to prevent the court from participating in the fraud of the defendant. Such a doctrine applies to all who come to the court for redress.
As stated in Nardone v. Reynolds, 333 So.2d 25, 39 (Fla.1976), modified on other grounds, Tanner v. Hartog, 618 So.2d 177 (Fla.1993):
[T]he statute of limitations will be tolled when it can be shown that fraud has been perpetrated on the injured party sufficient to place him in ignorance of his right to a cause of action or to prevent him from discovering his injury.
In order to establish fraudulent concealment sufficient to toll the statute, the plaintiff must show "both successful concealment of the cause of action and fraudulent means to achieve that concealment." Id. at 37.
Here plaintiff's wife died in November 1989, allegedly as the result of prolonged use of Voltaren. The medication was originally prescribed by Dr. Bratt and dispensed by the pharmacy. Prior to suit being filed, plaintiff's original attorney, Gregory A. Gellner (attorney Gellner), requested that the pharmacy produce all decedent's prescription records. In response to this request, in June 1991, the pharmacy provided a computer printout of the prescriptions it had filled for the decedent, which included a certification that "THESE DRUGS AND MEDICINES WERE DISPENSED TO THE ABOVE *812 NAMED PERSON(S) BY ORDER OF HIS (OR HER) PERSONAL PHYSICIAN."
Plaintiff asserts this certification is fraudulent and that the pharmacy intended to conceal the fact that it dispensed drugs without a physician's authorization by producing this false document and by failing to produce its actual records as requested by attorney Gellner. Plaintiff further contends that it was not until January 1992, more than two years from the date of death, that he learned that the pharmacy in fact dispensed numerous refills of Voltaren without any authorization from a prescribing physician. The pharmacy argues that these facts do not give rise to a claim of fraudulent concealment and that, even assuming fraudulent concealment, attorney Gellner received Dr. Blatt's medical records within the limitations period which should have put him on notice that Dr. Blatt did not authorize all of the refills.
If the certification was intended to cause plaintiff to abandon his claim against the pharmacy or prevent plaintiff from discovering the true facts, it may amount to fraudulent concealment. See Bogorff, 583 So.2d at 1003. However, as recognized in Nardone, a party seeking to avail itself of the doctrine of fraudulent concealment must have exercised reasonable care and diligence in seeking to learn the facts which would disclose the fraud. Nardone, 333 So.2d at 35. Knowledge of information contained in accessible medical reports is imputed to the party. Id.
In this case we cannot state as a matter of law that Dr. Blatt's medical records conclusively show that plaintiff, through attorney Gellner, failed to exercise due diligence, especially in light of the alleged affirmative misrepresentation by the pharmacy contained in the certification and attorney Gellner's testimony and affidavits concerning the efforts he made in pre-suit discovery. The deposition testimony of attorney Gellner does not compel the conclusion as a matter of law that his efforts amount to a lack of due diligence.
Material issues of fact remain to be resolved by the jury both as to the question of whether the pharmacy's actions amounted to fraudulent concealment and, if so, whether plaintiff should nonetheless have discovered the cause of action through the exercise of due diligence. These disputed issues preclude summary judgment. See Allen v. Orlando Regional Medical Ctr., 606 So.2d 665 (Fla. 5th DCA 1992), decision approved, 620 So.2d 993 (Fla.1993); Almengor v. Dade County, 359 So.2d 892 (Fla. 3d DCA 1978).
Accordingly, we reverse the entry of summary judgment and remand for further proceedings consistent with this opinion.
STONE and POLEN, JJ., concur.
NOTES
[1] Subsection 95.11(4)(b) provides, in pertinent part: An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued.... In those actions in which it can be shown that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury within the 4-year period, the period of limitations is extended forward 2 years from the time the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed 7 years from the date the incident giving rise to the injury occurred. (Emphasis supplied.)