ANTOON, Judge.
Sunteust Bank (the Bank) appeals the final order entered by the trial court dismissing with prejudice its action against Don Wood, Inc. (the Contractor). In this appeal, the Bank challenges two orders entered by the trial court: (1) the order setting aside a clerk’s default which had been entered against the Contractor and in favor of the Bank; and (2) the subsequent order dismissing the Bank’s lawsuit against the Contractor based upon the finding that the action was time barred. We affirm.
In June of 1984, the Bank hired the Contractor to install a jet fuel storage tank system at the Bank’s hanger at the Orlando Executive Airport. In accordance with the terms of the written contract, the Contractor installed a 10,000 gallon underground fuel storage tank. In January of 1991, the Bank discovered that the fuel storage tank leaked. The leak caused soil and water contamination. As a result of the leak, the Bank was required to replace the entire fuel storage tank system.
In November of 1995, the Bank filed suit against the Contractor for breach of contract and strict liability, seeking compensation for the damages incurred as a result of the leaking fuel storage tank. Process was served on Cheryl Buys, a clerical worker for the Contractor, in December of 1995. When no responsive paper was filed, the Bank moved for default on February 8,1996, which the court clerk entered that same day.
One month later, the Contractor filed a motion to vacate the default, arguing that (1) service of process was improper, and (2) the Contractor’s failure to file a paper was the result of excusable neglect and that the Contractor had a meritorious defense. In support of his motion, the Contractor filed two affidavits. The first affidavit was submitted by Mr. J. Donald Wood, president of the Contractor. In the affidavit, Mr. Wood stated that he was unaware of the service of process until February 15, 1996, when he discovered the copies while reviewing routine office mail. The affidavit further explained that, from July of 1995 through January of 1996, Mr. Wood’s wife, the corporation’s office manager, was unable to work due to severe health problems. Her absence caused conditions at the office to become chaotic. At the same time, the number of corporate employees dropped from 14 to 9. Also, Mr. Wood underwent cataract surgery in January of 1996. Concerning the issue of sei-vice of process, Mr. Wood’s affidavit stated that sei--viee of process upon Cheryl Buys was improper because she was not “the head of the corpoi-ation, officer, pi-esident, vice president, director, cashier, treasurer, secretary, general managei*, business agent, or registered agent of Don Wood, Inc.”
Cheryl Buys also filed an affidavit in which she explained her limited responsibility at the corporation and that she was not “the head of the corpoi-ation, officer, president, vice president, director, cashier, treasurer, secretary, general manager, business agent, or registered agent of Don Wood, Inc.” She explained the nature of Mrs. Wood’s illness and her resulting absence from work. Buys *101 also described Mr. Wood’s frequent absence from work, and how his family’s health problems had caused him to become distracted. She explained that, although Mr. Wood had given her explicit instructions to let him know if she were served with process, she could not remember advising him that she had received service of process in this case, but remembered only that she had placed it in an office file.
The trial court conducted a hearing on the motion. At the hearing, the Bank opposed the motion to vacate, arguing that improper service was not a sufficient basis to grant the motion to vacate because both the Contractor and its counsel had actual knowledge of the fact that the Bank was intending to file suit. The Bank also maintained that excusable neglect had not been demonstrated, but did not challenge the existence of a meritorious defense. See generally Florida Specialized Carriers, Inc., v. Tierra Construction Co., Inc., 632 So.2d 282 (Fla. 5th DCA 1994). The trial court rejected these arguments and vacated the default because service of process was improper and excusable neglect had been demonstrated.
Once the order vacating the default had been entered, the Contractor filed a motion to dismiss the Bank’s complaint, alleging that the action was time barred by application of Florida’s four-year statute of limitations, section 95.11(3)(c), Florida Statutes (1995). The trial court granted the motion and dismissed the action with prejudice.
On appeal, the Bank first argues that the trial court abused its discretion in setting aside the default. We disagree. Our review of the instant record reveals first that the trial court properly concluded that the Contractor had sustained its burden of proving excusable neglect. See Florida West Coast Railroad v. Maxwell, 601 So.2d 298 (Fla. 1st DCA 1992). Additionally, the trial court’s decision to vacate the default was proper due to the Bank’s improper service of process on Ms. Buys, a clerical employee of the corporation. See § 48.081 Fla.Stat. (1995). Moreover, contrary to the Bank’s claim otherwise, such improper service can not be excused even when the defendant and/or the defendant’s attorney possessed actual notice of the lawsuit. See Hovarth v. Aetna Life Insurance Co., 634 So.2d 240 (Fla. 5th DCA 1994).
The Bank also challenges the dismissal order, arguing that the trial court erroneously applied section 95.11(3)(e) which provides that:
An action founded on the design, planning, or construction of an improvement to real property must be commenced within four years from the date of actual possession by the owner, or if the action involves a latent defect, the time runs from the time the defect is discovered or should have been discovered with the exercise of due diligence.
The Bank contends that the appropriate statute of limitations in this case is section 95.11(2)(b), Florida Statutes (1995), which provides a five-year statute of limitations for any legal “action on a contract, obligation, or liability founded on a written instrument.” We again disagree.
When two statutes are ostensibly in conflict, the rules of statutory construction provide that the more specific statute controls. Carcaise v. Durden, 382 So.2d 1236 (Fla. 5th DCA), rev. denied, 389 So.2d 1108 (Fla.1980). This general rule applies to the construction of statutes of limitation even when the more specific statute provides for a shorter limitation period. Sheils v. Jack Eckerd Corp., 560 So.2d 361 (Fla. 2d DCA 1990).
Section 95.11(3)(c) is certainly more specific than section 95.11(2)(b) since it is narrowly directed to lawsuits relating to the improvement of real property. In contrast, section 95.11(2)(b) is directed to all actions premised on a written contract regardless of the subject matter addressed in the_ contract. Dubin v. Dow Corning Corp., 478 So.2d 71 (Fla. 2d DCA 1985). Since the Bank sued the Contractor for allegedly breaching its duties as the general contractor on a project involving structural improvements to the Bank’s real property, the trial court properly ruled that the limitations period set forth in section 95.11(3)(c) controlled. See Board of Trustees of Santa Fe Community College v. Caudill Rowlett Scott, Inc., 461 So.2d 239 (Fla. 1st *102 DCA 1984), rev. denied, 472 So.2d 1180 (Fla.1985).
Support for this conclusion is also found in the reasoning set forth in Long v. First Federal Savings and Loan Ass’n of Citrus County, 497 So.2d 964 (Fla. 1st DCA 1986). In Long, the court determined that the five-year statute of limitations applied to the purchasers of real property who had sued the sellers for breach of contract. The contract provided that the sellers would bring the house within construction standards. Citing to the revised preamble to the statute of limitations legislation, the court recognized that the legislature had made it clear that its intent in enacting section 95.11(3)(c)’s shorter limitation period “was to limit the amount of time an architect, engineer or contractor could be exposed to potential liability for the design or construction of an improvement to real property.” Id. at 965-966. In issuing its ruling, the court concluded that the sellers were not entitled to the benefit of the shorter four year limitation period because they were not members of the class of persons which the legislature intended to protect.
In closing we note that the instant complaint also set forth a separate count alleging a claim of breach of warranty against Bethlehem Steel, the manufacturer of the fuel storage tank system. Bethlehem Steel is not a party to this appeal, and therefore we have not reviewed or decided any issues relating to Bethlehem Steel.
Having found all of the claims of error raised by the Bank to be devoid of merit, we affirm the trial court’s dismissal order.
AFFIRMED.
COBB and GRIFFIN, JJ., concur.