[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2003
THOMAS K. KAHN
CLERK

_____

No. 02-15832

_____

D. C. Docket No. 02-01405-CV-T-26

IRIS RAIE, individually and as
personal representative of the estate
of Scott Raie and for Michael Raie,
a minor, through his parent, guardian
and next friend, JACKIE RAIE,
individually and as personal
representative of the estate of Scott
Raie, LILLIE POPE, individually,

                                        Plaintiffs-Appellants,

versus

CHEMINOVA, INC., CHEMINOVA
A/S, and AURIGA INDUSTRIES A/S,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 8, 2003)

Before DUBINA, BLACK and HULL, Circuit Judges.

PER CURIAM:

The personal representatives of the estate of Scott Raie appeal the district court's dismissal of their wrongful death action on statute of limitations grounds. We conclude Florida's delayed discovery rule does not apply to this wrongful death action, and Appellants are not entitled to equitable tolling under the doctrine of *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S. Ct. 756 (1974). We therefore affirm.

I.

On the morning of July 3, 1997, Appellants' neighborhood was sprayed with Cheminova's Fyfanon ULV, a malathion-based insecticide used as an ingredient in Florida's Medfly Eradication Program during 1997 and 1998. Decedent Scott Raie spent that day working outside and was exposed to the Fyfanon. He subsequently complained of skin irritation, nausea, diarrhea, headache, and lack of appetite. He went to bed after midnight, and his mother found him dead the next morning. An autopsy later determined the cause of death to be grand mal seizure.

Appellants did not immediately question this cause of death because Scott Raie had suffered from a seizure condition. Given this medical condition, Appellants had no reason to suspect a connection between his fatal seizure and the Fyfanon until Appellant Iris Raie received a letter in May 2001 citing news reports that suggested Fyfanon may have caused Scott Raie's death.

2

Appellants filed a wrongful death action on May 29, 2002, and Cheminova removed the action based on diversity. Cheminova then moved to dismiss the complaint on statute of limitations grounds. The district court found Appellants' action to be untimely and dismissed the case. This appeal followed.

II.

We review *de novo* the district court's order dismissing this action. *See Covad Comm. Co. v. BellSouth Corp.*, 299 F.3d 1272, 1279 (11th Cir. 2002). As this is a diversity case, in the absence of a controlling decision from the Florida Supreme Court, we are obligated to follow decisions from the Florida intermediate appellate courts unless there is some persuasive indication that the Supreme Court would decide the case differently. *See McMahan v. Toto*, 311 F.3d 1077, 1080 (11th Cir. 2002).

The Florida statute of limitations for a wrongful death action is two years. *See* FLA. STAT. ch. 95.11(4)(d). The accrual date for a wrongful death action is the date of death. *See Fulton County Adm'r v. Sullivan*, 753 So. 2d 549, 552 (Fla. 1999). Ordinarily, therefore, Appellants would have had until July 4, 1999—two years from the date of Scott Raie's death—to commence this action. Absent tolling or some other delay in the running of the statute of limitations, Appellants' action was untimely when it was filed on May 29, 2002.

3

A.

Appellants' first argument to rescue their wrongful death action relies upon Florida's delayed discovery doctrine. "The 'delayed discovery' doctrine generally provides that a cause of action does not accrue until the plaintiff either knows or reasonably should know of the tortious act giving rise to the cause of action." *Hearndon v. Graham*, 767 So. 2d 1179, 1184 (Fla. 2000). The delayed discovery doctrine applies to the accrual of a cause of action; it does not toll the applicable statute of limitations once the cause of action has accrued and the statute of limitations has begun to run. *See id.* The delayed discovery rule was codified by the Florida legislature in 1999. *See* FLA. STAT. ch. 95.031 (2002).

Appellants concede § 95.031 does not specifically extend the delayed discovery doctrine to wrongful death actions. That statute provides as follows:

> An action for products liability under s. 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the date that the facts giving rise to the cause of action were discovered, or should have been discovered with the exercise of due diligence . . . . Under no circumstances may a claimant commence an action for products liability, including a wrongful death action or any other claim arising from personal injury or property damage caused by a product, . . . if the harm was caused by exposure to or use of the product more than 12 years after delivery of the product to its first purchaser or lessee . . . .

FLA. STAT. ch. 95.031(2)(b). The first part of this section codifies the delayed discovery rule for products liability actions; the second part of the section is a twelve-year statute of repose for products liability actions, including wrongful death actions caused by a defective product. As the Supreme Court of Florida has recently explained, there is no other statutory basis for the delayed discovery rule, except for the statutes specifically governing fraud, products liability, professional and medical malpractice, and intentional torts based on abuse, each of which permits postponing accrual where there is delayed discovery. *Davis v. Monahan*, 832 So. 2d 708, 710 (Fla. 2002).

It is plain from the statutory text that the delayed discovery rule of § 95.031(2)(b) applies only to products liability actions under § 95.11(3), not wrongful death actions which are governed by § 95.11(4)(d). Plaintiffs argue, however, that it makes little sense for § 95.031(2)(b) to extend the statute of repose to wrongful death actions without similarly extending the delayed discovery rule to wrongful death actions. As a pure matter of statutory interpretation, this argument fails because the statute simply does not extend the delayed discovery rule to wrongful death actions. The Florida legislature clearly could have extended the delayed discovery rule by adding a reference to wrongful death actions in the first part of § 95.031(2)(b), just as it did in the later statute of repose provision. The

legislature's failure to extend the delayed discovery rule undermines Appellant's argument for applying that rule in this case. *See Federal Ins. Co. v. Southwest Fla. Ret. Ctr., Inc.*, 707 So. 2d 1119, 1122 (Fla. 1998) (holding that the Florida Supreme Court would not write into a statute of limitations a delayed discovery rule when the legislature itself had not done so explicitly, and that the legislature could make the necessary statutory change if that were its intent).

Appellants further contend the Supreme Court of Florida has nonetheless extended the delayed discovery doctrine beyond its statutory limits in cases that are "similar to the statutory circumstances to which the doctrine applies." *See Monahan*, 832 So. 2d at 710 (citing *Hearndon*, 767 So. 2d at 1185–86). In *Hearndon*, the Supreme Court extended the delayed discovery doctrine to a claim of childhood sexual abuse accompanied by traumatic amnesia that delayed the discovery of the abuse. *See Hearndon*, 767 So. 2d at 1185–86. *Monahan* interpreted *Hearndon* to extend the delayed discovery doctrine because sexual abuse claims under those circumstances were similar to fraud claims. *See Monahan*, 832 So. 2d at 710. Appellants view that similarity as analogous to the similarity between products liability claims and wrongful death claims; they reason the delayed discovery doctrine specifically applies to a products liability action, and their wrongful death claim could

not be more similar to such an action because the wrongful death in this case was caused by a defective product.

There are two defects in this argument. First, *Monahan* limits *Hearndon* so it applies only to cases of childhood sexual abuse. *Monahan* reversed a district court decision that had interpreted *Hearndon* broadly. *See Monahan*, 832 So. 2d at 710 ("No other Florida Court has interpreted *Hearndon* as broadly."). *Monahan* thus makes it clear that *Hearndon*'s expansion of the statutory delayed discovery doctrine is as narrow as can be. More importantly, *Monahan* explained that the *Hearndon* court reached its decision "only after considering the unique and sinister nature of childhood sexual abuse." *Id*. at 712; *see also Hearndon*, 767 So. 2d at 1186. In addition, the *Hearndon* court noted that the Florida Legislature had statutorily extended the delayed discovery rule to cases of childhood abuse with a 1992 amendment to FLA. STAT. ch. 95.11(7), though that amendment did not apply to the plaintiff in *Hearndon*. *Hearndon*, 767 So. 2d at 1186. In short, *Hearndon* was an exceedingly narrow decision that does not justify similar extensions of the delayed discovery rule to instances beyond those for which the Florida Legislature provided by statute.

The second defect in Appellants' argument is that a products liability case simply is not similar to a wrongful death case under Florida law. "[The Florida Supreme] Court has long characterized the [Wrongful Death] Act as creating a new and distinct right of action from the right of action the decedent had prior to death." *Toombs v. Alamo Rent-A-Car, Inc.*, 833 So. 2d 109, 111 (Fla. 2002) (citing *Fla. E. Coast Ry. v. McRoberts*, 149 So. 631 (Fla. 1933)). In other words, the delayed discovery doctrine might have applied to *Scott Raie*'s products liability action prior to his death, but with his death, that cause of action was extinguished and there arose an entirely different wrongful death cause of action in his *survivors*. It is crucial to Appellants' argument that a wrongful death action be deemed similar to a products liability action, and Florida law simply will not countenance such treatment. Thus, Appellants' argument for extending the delayed discovery doctrine to their wrongful death case fails.[1]

---

[1] Appellants also attempt to argue fraudulent concealment, relying primarily on *Berisford v. Jack Eckerd Corp.*, 667 So. 2d 809 (Fla. Dist. Ct. App. 1995). Fraudulent concealment requires the defendants to engage in the willful concealment of the cause of action using fraudulent means to achieve that concealment. *See id.* at 811 (stating requirements for fraudulent concealment). Compared to *Berisford*, the plaintiffs' fraud allegations are insufficient to toll the statute of limitations. In *Berisford*, the defendant pharmacy made an affirmative misrepresentation in the decedent's medical records, and the Court held that this misrepresentation might have been intended to conceal the facts from the plaintiff, thereby amounting to fraudulent concealment. *Id.* at 811–12. By contrast, the plaintiffs' complaint in this case does not allege any specific acts of misrepresentation or concealment that could support a claim of fraudulent concealment. In fact, it appears that plaintiffs' shotgun complaint actually attempts to allege a cause of action for fraud, rather than allege the factual predicate for tolling based on fraudulent concealment. This argument also fails.

8

Appellants also attempt to avoid the running of the statute of limitations by relying on the rule of *American Pipe*. According to *American Pipe*, the filing of a class action complaint tolls the statute of limitations on individual claims by class members. *See American Pipe*, 414 U.S. at 550–52, 94 S. Ct. at 764–65; *see also Griffin v. Singletary*, 17 F.3d 356, 361 (11th Cir. 1994). There is no dispute that *American Pipe* has been followed in Florida state courts.

Appellants' reliance on *American Pipe* is not straightforward, however, because they attempt to extend the tolling period by piggybacking one pending class action onto another. On May 9, 1999, the *Rink v. Cheminova* class action was filed; at that time, 59 days remained on the two-year limitations period for Appellants' wrongful death action. Sometime in 2001, while *Rink* was still pending, the *Seabury v. Cheminova* class action was filed. On September 21, 2001, the *Rink* class was denied class certification, though the *Seabury* class action remained pending. Then, on May 29, 2002—more than 59 days after the *Rink* class action terminated—Appellants filed their wrongful death action. If *American Pipe* tolls the statute of limitations while *Rink* was pending, Appellants' wrongful death action is still untimely. What Appellants need is an additional tolling period based on the *Seabury* class action.

We need not decide the novel issue of whether such piggybacked tolling is possible. Even if it were, piggybacking would be available only if Appellants were part of the *Seabury* class action. As we explained *supra*, however, a wrongful death action under Florida law is different in kind from any action based on a defective product. Because of this difference, a class action asserting primarily product liability claims would not include wrongful death claims unless wrongful death claims were explicitly included in the class action. When pressed at oral argument, counsel for Appellants could not demonstrate the *Seabury* class action explicitly included claims for wrongful death. Rather, counsel merely adverted to the ambiguous class definition in the *Seabury* complaint. Nor can we find anything in the record showing that wrongful death claims were explicitly included in the *Seabury* class action. It is not enough for Appellants to rely on only that ambiguous class definition to support their argument for tolling under *American Pipe*; they must demonstrate that their wrongful death action was included in the *Seabury* class action. Having failed to do so, Appellants cannot take advantage of an additional tolling period based on *Seabury*, even assuming such piggybacked tolling is legally available to them.

We therefore conclude Appellants' wrongful death action was untimely under Florida's two-year statute of limitations. The running of that statute of limitations can

be effectively halted by neither the delayed discovery rule nor equitable tolling under

*American Pipe.* The district court did not err in dismissing Appellants' complaint.

AFFIRMED.