[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 26, 2011
JOHN LEY
CLERK

No. 10-14932
Non-Argument Calendar

D.C. Docket No. 1:09-cv-23457-ASG

RONALD DARRELL TAYLOR,

Plaintiff-Appellant,

versus

R.J. REYNOLDS TOBACCO CO.,
PHILLIP MORRIS INCORPORATE,
BROWN AND WILLIAMSON TOBACCO CORPORATION,
individually and as successor to American
Tobacco Company,
LORILLARD TOBACCO COMPANY,
LORILLARD, INCORPORATED, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 26, 2011)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

On September 29, 2007, Ronald Darrell Taylor, the appellant, proceeding *pro se*, brought this action in the Circuit Court for Miami-Dade County, Florida, against the appellee tobacco companies for the wrongful death of his father—in 1990—due to nicotine addiction. The appellees removed the case to the district court, and on appellees' motions to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the court dismissed Taylor's action as time-barred by Fla. Stat. § 95.11(4)(d), the two-year statute of limitations applicable to wrongful death actions. Taylor now appeals the dismissal.

Taylor argues on appeal that the *res judicata* findings from *Engle v. Liggett Group, Inc.*, 945 So.2d 1246, 1256 (Fla. 2006), a Florida class-action suit against the appellee tobacco companies, tolled the statute of limitations until the discovery of the fraudulent concealment of the dangers of smoking. In *Engle*, the Florida Supreme Court upheld certain findings—regarding nicotine addiction, fraudulent concealment, and the effects of smoking—to be given *res judicata* effect in independent actions brought by class members against the tobacco companies. Taylor also contends that his claim was approved by the *Engle* Trust Fund, which

demonstrates his membership in the *Engle* class, such that the district court's order dismissing his case was in direct conflict with the trustee's findings.

We review *de novo* a Rule 12(b)(6) dismissal, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff, *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1379 (11th Cir. 2010), and the district court's application of state law in a diversity case, *Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1132 n.11 (11th Cir. 2010).

As the district court properly observed, the Florida statute of limitations for a wrongful-death action is two years. Fla. Stat. § 95.11(4)(d). *Engle* was filed in the Miami-Dade County Circuit Court in 1994; it was a class action against the appellee tobacco companies for injuries caused by smoking. *See id.*, 945 So.2d at 1256. The case came to the Florida Supreme Court from the Florida District Court of Appeal, *Liggett Group, Inc. v. Engle*, 853 So.2d 434 (Fla. 3d DCA 2003). *Engle,* 945 So.2d at 1254. *See also Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1326-30 (11th Cir. 2010) (providing a summary of the history of the *Engle* litigation). The Florida Supreme Court held that the class-action treatment of the case was not feasible and remanded the case with the instruction that the class be decertified. The court also held that the class members could file individual

3

actions within one year of its mandate, with certain findings to be given *res judicata* effect. *Engle*, 945 So.2d at 1276-77.

In its analysis of the class certification, the Florida Supreme Court upheld the District Court of Appeal's reversal of the judgment the Miami-Dade County Circuit Court had entered in favor of a class-representative Frank Amodeo, because his claims had been time-barred by the statute of limitations prior to the filing of *Engle*. *Id*. at 1276; *see also Engle v. Liggett Group, Inc.*, 853 So.2d 434, 455 n.23 (Fla. 3d Dist. Ct. App. 2003) (holding that Amodeo's claims were time barred under § 95.11(3)'s four-year statute of limitations because he knew or should have known more than four years prior to the filing of the litigation that he was addicted to smoking and that his cancer could have been caused by smoking).

The district court did not err in dismissing Taylor's complaint because his wrongful-death claim was barred by Fla. Stat. 95.11(4)(d). Additionally, as Taylor was not a class member in *Engle,* he did not qualify for its one-year filing period.

AFFIRMED.