[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15712
Non-Argument Calendar
_____

D.C. Docket No. 8:07-cv-01429-MSS-EAJ


FRANKLIN J. BURR,
Individually and as personal representative of the estate of Bernadeen L. Burr,

Plaintiff-Appellant,

versus

PHILIP MORRIS USA INC.,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 31, 2014)

Before HULL, MARCUS, and MARTIN, Circuit Judges.

PER CURIAM:

Franklin J. Burr (Burr), as personal representative of the estate of Bernadeen L. Burr, appeals the district court's grant of summary judgment to Philip Morris USA Inc. (Philip Morris). On appeal Burr raises three issues. First is whether the district court judge should have been recused because of a purported conflict. Second is whether the district court erred in granting Philip Morris's summary judgment motion. And third is whether the district court should have remanded this case back to Florida state court. Because Burr's notice of appeal refers only to the summary judgment order, the recusal issue is not properly before this Court. With respect to the other two issues, we affirm the district court's summary judgment order and reject Burr's argument regarding remand.

## I.

In the fall of 1989 Burr's wife, Bernadeen Burr, began to experience pain in her right hip. When she sought a second opinion at the Mayo Clinic, she was diagnosed with advanced lung cancer and told it was due to years of smoking cigarettes. Bernadeen Burr died on September 8, 1990. Nearly seventeen years later, on August 13, 2007, Burr individually and as the personal representative of the estate of Bernadeen Burr filed a seven-count complaint against Philip Morris and R.J. Reynolds Tobacco Company.[1]

---

[1] Burr never properly served R.J. Reynolds, and in its summary judgment order the district court dismissed the company with prejudice. Burr does not challenge this on appeal.

2

In between Bernadeen Burr's death and the filing of this suit, a nationwide class action of smokers and their survivors was certified in Florida. See Engle v. Liggett Group, Inc., 945 So. 2d 1246, 1256 (Fla. 2006). The class was eventually altered to include only Florida smokers and their survivors. Id. This "unprecedented litigation" is "one of the most uniquely structured and extraordinarily adjudicated cases in the state's history." Soffer v. R.J. Reynolds Tobacco Co., 106 So. 3d 456, 459, 460 (Fla. 1st DCA 2012). The plan to manage the Engle litigation involved a trifurcated trial plan. Phase one took place and involved a year-long trial ending on July 7, 1999 that resulted in a verdict for the class on all counts. Engle, 945 So. 2d at 1256–57. Phase two took place and determined both compensatory damages for three representative class members as well as eventually-vacated punitive damages for the entire class. Id. at 1257, 1276. Later the Florida Supreme Court found that "the cut-off date for class membership is November 21, 1996," and as a result barred all judgments in favor of one of the representative class members because his claims were barred on statute of limitations grounds. Id. at 1275–76.

The Florida Supreme Court determined that the planned phase three, in which new juries would decide individual liability and compensatory damages claims for the approximately 700,000 class members, was "not feasible," and ordered the class decertified on remand. Id. at 1277. Instead, the Florida Supreme

3

Court held that class members could proceed individually with certain findings given res judicata effect provided any action was filed by January 11, 2008. See id. The approved jury findings include that the defendants "concealed or omitted material information not otherwise known or available knowing that the material was false or misleading or failed to disclose a material fact concerning the health effects or addictive nature of smoking cigarettes or both"; and "agreed to conceal or omit information regarding the health effects of cigarettes or their addictive nature with the intention that smokers and the public would rely on this information to their detriment." Engle, 945 So. 2d at 1277.

The parties dispute whether Burr and his wife were part of the class certified in Engle. Philip Morris argues that Burr and his wife were not class members because their action accrued on the date of Bernadeen Burr's death and the statute of limitations expired two years later, on September 8, 1992. Burr argues that his wife was a class member in Engle because the statute of limitations was tolled on statutory and equitable grounds.

The district court granted summary judgment for Philip Morris. Burr argued that the statute of limitations should be tolled under both the doctrine of fraudulent concealment and the delayed discovery doctrine. The district court rejected both arguments.

**II.**

4

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This Court will "review a District Court's grant of summary judgment de novo, considering the evidence in the light most favorable to the nonmoving party." Lindley v. FDIC, 733 F.3d 1043, 1050 (11th Cir. 2013). The moving party bears the burden of demonstrating an absence of a genuine dispute over any material facts and that it is entitled to judgment as a matter of law. Avenue CLO Fund, Ltd. v. Bank of Am., NA, 723 F.3d 1287, 1293–94 (11th Cir. 2013). If it meets that burden, the burden shifts to the non-moving party to present evidence on the essential elements of its claim so a reasonable jury could rule in its favor. To meet this burden the non-moving party must "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986) (quotation marks omitted).

We review an abstention decision only for an abuse of discretion. Boyes v. Shell Oil Products Co., 199 F.3d 1260, 1265 (11th Cir. 2000).

## III.

## A.

We first consider whether the district court correctly held that Burr's claim is barred by the statute of limitations. Under Florida law, an action for wrongful

5

death accrues on the date of death and a plaintiff has two years to bring the action. Fulton Cnty. Adm'r v. Sullivan, 753 So. 2d 549, 552 (Fla. 1999); Fla. Stat. § 95.11(4)(d). Because Bernadeen Burr died on September 8, 1990, Burr had until September 8, 1992 to commence his wrongful death action—unless tolling applied. Burr offers two reasons why his claim is not time barred, but both fail to persuade.

First, Burr seeks to rely on the delayed discovery doctrine. See Fla. Stat. § 95.031(2)(a). "The 'delayed discovery' doctrine generally provides that a cause of action does not accrue until the plaintiff either knows or reasonably should know of the tortious act giving rise to the cause of action." Hearndon v. Graham, 767 So. 2d 1179, 1184 (Fla. 2000). "[I]t does not toll the applicable statute of limitations once the cause of action has accrued and the statute of limitations has begun to run." Raie v. Cheminova, Inc., 336 F.3d 1278, 1280 (11th Cir. 2003). We held in Raie that Fla. Stat. § 95.031(2)(b) does not extend the delayed discovery doctrine to wrongful death actions because there is no language explicitly doing so. Id. at 1281. Because there is also no language extending the delayed discovery doctrine to wrongful death actions under Fla. Stat. § 95.031(2)(a), the same logic applies here, and we therefore reject Burr's argument for tolling the statute of limitations based on the delayed discovery doctrine.

Burr also seeks to rely on the doctrine of fraudulent concealment. "Fraudulent concealment can toll the running of a statute of limitations when the fraud perpetrated upon the injured party places him in ignorance of his right to sue." Wirt v. Central Life Assur., Co., 613 So. 2d 478, 479 (Fla. 2d DCA 1992) (citing Nardone v. Reynolds, 333 So. 2d 25 (Fla. 1976)). "Fraudulent concealment requires the defendants to engage in the willful concealment of the cause of action using fraudulent means to achieve that concealment." Raie, 336 F.3d at 1282 n.1.

Burr failed to allege any facts to suggest any misrepresentation or concealment by Philip Morris, and even acknowledged he "sparsely pled the fraudulent concealment count." Instead, Burr relied on the jury findings from Engle noted above as a basis for tolling the statute of limitations. But we have rejected this argument before. See Taylor v. R.J. Reynolds Tobacco Co., 441 F. App'x 664, 665 (11th Cir. 2011) (finding, in a case where Taylor argued that the Engle findings "tolled the statute of limitations until the discovery of the fraudulent concealment of the dangers of smoking," that "[t]he district court did not err in dismissing Taylor's complaint because his wrongful-death claim was barred by Fla. Stat. [§] 95.11(4)(d)"). Burr never explained what Philip Morris did to prevent him from knowing his wife had sustained an injury caused by smoking cigarettes

7

and being able to pursue a claim.  Therefore, he has not preserved a tolling claim under fraudulent concealment.[2]  See Raie, 336 F.3d at 1278 n.1.

## B.

We do not have jurisdiction to consider Burr's disqualification motion.  The district court granted summary judgment on September 28, 2012.  Burr filed his notice of appeal on October 26, 2012.  Then, on November 14, 2012, Burr filed a motion to disqualify Judge Scriven pursuant to 28 U.S.C. § 455(a) and (b).  The motion to disqualify was denied two days later.  Federal Rule of Appellate Procedure 3(c)(1)(B) states that a notice of appeal "must designate the judgment, order, or part thereof being appealed."  Burr's notice of appeal does not make any reference to the order denying his motion to disqualify.  Therefore, we lack jurisdiction to consider the argument.  See KH Outdoor, LLC v. City of Trussville, 465 F.3d 1256, 1260 (11th Cir. 2006) (noting this Court may allow parties to make a mistake in their notice of appeal "at least where the order that was not designated was entered prior to or contemporaneously with the order(s) properly designated in the notice of appeal"); See also Whetstone Candy Co. v. Kraft Foods, Inc., 351 F.3d 1067, 1079–80 (11th Cir. 2003) ("Where an appellant notices the appeal of a specified judgment only . . . this court has no jurisdiction to review other

---

[2] We need not and do not decide whether fraudulent concealment is available in a wrongful death action under Florida law.

judgments or issues which are not expressly referred to and which are not impliedly intended for appeal." (quotation marks omitted)).

## C.

Burr argues that the district court erred in not remanding this case to state court because it should "be determined by the state court system and not by the federal court system. . . . The application of the doctrine set forth by the Florida Supreme Court in the Engle case should be determined by the Florida state courts and not by the federal court system." This argument, unsupported by authority, runs counter to precedent finding the exact opposite. Barring limited exceptions, federal courts are "to exercise the jurisdiction given [to] them." Ambrosia Coal & Const. Co. v. Pagés Morales, 368 F.3d 1320, 1328 (11th Cir. 2004) (quotation marks omitted). The district court committed no error in denying Burr's request for remand.

## IV.

The district court's order is **AFFIRMED**.[3]

---

[3] Philip Morris's Motion to Strike is denied as moot. The arguments raised by Burr for the first time in his Reply plainly came too late and will not be considered. See, e.g., Big Top Koolers, Inc. v. Circus-Man Snacks, Inc., 528 F.3d 839, 844 (11th Cir. 2008).